SHIRLEY D. DEUTSCH, Bar No. 76230
SCHWARTZ & DEUTSCH, LLP
333 South Hope Street, 35th Floor
Los Angeles, California 90071
Tel: (213) 236-9400
Fax: (213) 236-9499
Email: deutsch@sdllp.net

Attorneys for Defendant
MACY'S WEST STORES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YULIE NAREZ, as an individual and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MACY'S WEST STORES, INC. DBA MACY'S, an Ohio Corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441 and 1446** |

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant Macy's West Stores, Inc. ("Defendant") hereby removes the following action to the United States District Court for the Northern District of California: *Yulie Narez v. Macy's West Stores, Inc. dba*

*Macy's,* San Benito County Superior Court Case No. CU-16-00009. The following is a short, plain statement of the grounds for removal pursuant to 28 U.S.C. § 1446(a).

## I. DESCRIPTION OF THE ACTION

On January 25, 2016, Plaintiff Yulie Narez ("Plaintiff"), individually and on behalf of all others similarly situated, filed a Complaint against Defendant Macy's West Stores, Inc. in San Benito Superior Court, Case No. CU-16-00009 (the "State Court Action"). Plaintiff purports to represent a putative class with subclasses defined as:

a. All non-exempt retail employees who were employed by Defendants in the State of California at any time from January 25, 2011, through the present (the "Class");

b. All current and former non-exempt employees of Defendants who worked at any time during the period of time from January 25, 2011, through the present, in the State of California, who received overtime pay and non-discretionary incentive pay, including without limitation, Credit Give Back and Incentive Pay (the "Regular Rate Class");

g. [sic] All current and former non-exempt employees of Defendants who worked at any time during the period of time from January 25, 2014, through the present, in the State of California, who received a wage statement at any time (the "Wage Statement

Class").

(Complaint, ¶17.) True and correct copies of the Summons and Complaint, along with all process, pleadings and orders served on Defendant in the instant action, are attached hereto as Exhibit A. Defendant was served with and first received the Summons and Complaint on January 26, 2016.

In her Complaint, Plaintiff seeks to recover alleged unpaid "minimum wages, overtime wages, premium pay for missed meal periods, penalties under the California Labor Code, and for restitution." (Complaint, Introductory Paragraph.) The Complaint asserts seven causes of action:

1) Failure to pay minimum wages for all hours worked, including waiting time penalties

(2) Failure to pay overtime for all hours worked in excess of eight hours in a day or 40 hours in a week

(3) Failure to provide off-duty meal periods

(4) Failure to provide off-duty rest breaks

(5) Failure to Provide Accurate Itemized Wage Statements

(6) Private Attorneys General Act Claim

(7) Unfair Business Practices Under the Unfair Competition Act.

The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1332(d) (the Class Action Fairness Act or "CAFA").

## II. BASIS FOR REMOVAL (DIVERSITY JURISDICTION)

### A. There Is Diversity of Citizenship Between Plaintiff and Defendant.

This action is between citizens of different States. Plaintiff is a citizen of the State of California. (Complaint, ¶ 7; Declaration of Julie Avins ["Avins Decl."], ¶¶ 3-6.) Defendant Macy's West Stores, Inc. is incorporated under the laws of the state of Ohio. (Balicki Decl., ¶ 3.) The principal place of business for Defendant Macy's West Stores, Inc. is located in either Ohio or New York, but not in California. (Balicki Decl., ¶ 4.) Pursuant to 28 U.S.C. § 1332(d)(2)(A), the first requirement for diversity jurisdiction exists because Plaintiff and Defendant are citizens of different States. *See* 28 U.S.C. §§ 1332(c)(1)[1] and 1332(d)(2)(A)[2].

### B. The Amount in Controversy Exceeds $5,000,000.

The appropriate measure of the jurisdictional amount in controversy is "the litigation value of the case assuming that the allegations of the complaint are true and assuming a jury returns a verdict for the plaintiff on all claims made in the complaint." *Jackson v. American Bankers Insurance Co. of Florida*, 976 F.Supp.1450, 1454 (S.D. Ala. 1997), *citing Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994). It is not determined by "the low end of an open-ended claim," but by "a

---

[1] "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . ."

[2] "The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is ***a class action in which (A) any member of a class of plaintiffs is a citizen of a State different from any defendant . . .*** " [emphasis supplied]

reasonable reading of the value of the rights being litigated." *Angus v. Shiley, Inc.*, 989 F.2d 142, 146 (3d Cir. 1993). *See also Hart v. Washington State Apple Advertising Commission*, 432 U.S. 333, 347 (1977).

When assessing the amount in controversy for purposes of CAFA, the Senate Committee Report accompanying CAFA S. Rep. No. 109-14, makes clear that 28 U.S.C. § 1332(d) should be "interpreted expansively." S. Rep. No. 109-14, at 42 (2005), *reprinted in* 2005 U.S.C.C.A.N. 3, 40 ("CAFA Senate Report").[3]

Although Plaintiff's Complaint does not allege the specific amount of monetary relief she is seeking, she seeks remedies on behalf of herself and the putative class that include unpaid wages, damages, penalties, and reasonable attorneys' fees and costs.[4]

---

[3] As stated in the CAFA Senate Report, "if a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case." S. Rep. No. 109-14, at 42 (2005), *reprinted in* 2005 U.S.C.C.A.N. 3, 40.

[4] The Ninth Circuit holds that attorneys' fees sought pursuant to a statute are added as part of the amount in controversy for the purposes of determining diversity jurisdiction, even where such an award is discretionary. *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1155-1156 (9th Cir. 1998). Here, Plaintiff requests attorneys' fees under Cal. Labor Code §§ 218.5, 226, 510, 558, 1194, 1197, 2698 and California Code of Civil Procedure § 1021.5. (Complaint, Prayer for Relief ¶ 9, Exh. A.) Those statutes authorize an award of attorneys' fees. In addition, the CAFA Senate Report notes that "the Committee intends that a matter be subject to federal jurisdiction under this provision if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant and regardless of the type of relief sought (*e.g.,* damages, injunctive relief, declaratory relief)." S. Rep. No. 109-14, at 42 (2005), *reprinted in* 2005 U.S.C.C.A.N. 3, 40.

(Complaint, ¶¶ Intro, 35, 41, 48, 55, 59, 63, 67, Prayer for Relief ¶¶ 4-10 and 9[sic].) Among other theories of recovery, Plaintiff has alleged:

> "Defendants regularly and willfully failed and refused to pay all wages due and earned to discharged employees at the time of their termination, or within 72 hours of employees who quit and/or have resigned, or at the time of termination for those employees who gave 72 hours' notice . . ."

(Complaint, ¶¶ 35, 41, 48, 55) Plaintiff continues and alleges—

> "Plaintiff and Class Members whose employment ended are also entitled [to] waiting time penalties pursuant to Labor Code §§201-203 . . .in the form of a day's wages up to 30 days until all of the wages owed are paid."

(Complaint, ¶¶ 35, 41, 48, 55.)

There were at least 53,586 terminations of non-exempt employees at Macy's California department stores between January 25, 2012 and January 25, 2016. (Declaration of Ragunathan Veeraraghavan, ¶ 3.) If, as Plaintiff alleges, Macy's is liable for thirty days' wages in connection with every termination of a non-exempt California department store employee that occurred from January 25, 2012 to January 25, 2016, the amount in controversy for Plaintiff's waiting time penalty claim alone exceeds $63,658,075.41. (Veeraraghavan Decl., ¶¶ 3-6.)

This figure does not include any recovery for Plaintiff's other claims for relief, which include, according to Plaintiff's Complaint, unpaid wages, including meal and

rest period compensation, interest and other penalties for various alleged wage and hour violations. (Complaint, ¶¶ Intro, 35, 41, 48, 55, 59, 63, 67, Prayer for Relief ¶¶ 4-10 and 9 [sic].) Nor does this figure include any recovery for Plaintiff's attorneys' fees. Therefore, based on the claims Plaintiff asserts and the nature of her Class Action Complaint, it is reasonable to conclude that the allegations pleaded—if taken at face value as required for removal analysis—give rise to an amount in controversy far in excess of $5,000,000. Although Defendant reserves the right and expressly intends to challenge all claims raised, the predicates for diversity jurisdiction under 28 U.S.C. § 1332(d) – diversity of citizenship, more than $5,000,000 in controversy, and not less than 100 putative class members – clearly exist.

## III. THE NOTICE OF REMOVAL IS PROCEDURALLY PROPER

Based on the foregoing, this action is a civil action of which the Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d), and is one that may be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

In accordance with the requirements of 28 U.S.C. § 1446(a), a copy of the Complaint and all other papers served in the State Court Action as of the filing of this Notice of Removal are attached hereto as Exhibit A.

This Notice of Removal is filed within the time provided by 28 U.S.C. § 1446(b). Defendant first received and was served with Plaintiff's Complaint on January 26, 2016 and will file this Notice on February 25, 2016.

## IV. CONCLUSION

For the reasons set forth above, Defendant respectfully requests that this Court proceed with this matter as if it had been originally filed herein.

Dated: February 25, 2015

SHIRLEY D. DEUTSCH
SCHWARTZ & DEUTSCH, LLP

By: ______________________
SHIRLEY D. DEUTSCH
Attorneys for Defendant
MACY'S WEST STORES, INC.