

**CORPORATION SERVICE COMPANY'**

# Notice of Service of Process

J9M / ALL
Transmittal Number: 14718726
Date Processed: 01/26/2016

| | |
|---|---|
| **Primary Contact:** | Andrea Carolan<br>Macy's Inc. - Legal Department<br>111 Boulder Industrial Drive<br>2nd Floor<br>Bridgeton, MO 63044 |
| **Copy of transmittal only provided to:** | Stephanie Shines<br>Judy Ripley<br>Bernita Estes<br>Velinda Dewitt<br>Carol Verhulst<br>Nickol Washington |

| | |
|---|---|
| **Entity:** | Macy's West Stores, Inc.<br>Entity ID Number 2199852 |
| **Entity Served:** | Macy's West Stores, Inc., dba Macy's |
| **Title of Action:** | Yulie Narez vs. Macy's West Stores, Inc., dba Macy's |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | San Benito County Superior Court, California |
| **Case/Reference No:** | CU-16-00009 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 01/26/2016 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Larry W. Lee<br>213-488-6555 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com

EXHIBIT A- 9

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Macy's West Stores, Inc. dba Macy's, an Ohio corporation; and and Does 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Yulie Narez, as an individual and on behalf of all others similarly situated

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BENITO<br>450 Fourth Street, Hollister, CA 95023 | CASE NUMBER:<br>*(Número del Caso):*<br>**CU - 16 - 00009** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
William L. Marder   (Bar # 170131)
Polaris Law Group LLP
501 San Benito Street, Hollister, CA 95023
Fax No.: (831) 634-0333
Phone No.: (831) 531-4214

| DATE:<br>*(Fecha)* **JAN 25 2016** | Clerk, by<br>*(Secretario)* | RACHELLE BARRAGAN | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

NOTICE TO THE PERSON SERVED: You are served

[SEAL]

1. ☒ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Macy's West Stores, Inc., dba Macy's, an Ohio corporation
   under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 1/26/16

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
LexisNexis® Automated California Judicial Council Forms

FILED
SUPERIOR COURT OF CALIFORNIA

2016 JAN 25  PM 2: 31

ROCHELLE BARRAGAN
DEPUTY

1  Larry W. Lee (State Bar No. 228175)
   **DIVERSITY LAW GROUP, P.C.**
2  550 South Hope Street, Suite 2655
   Los Angeles, CA 90071
3  (213) 488-6555
   (213) 488-6554 facsimile
4

5  Attorneys for Plaintiff and the Class (Additional Counsel on Next Page)

6
            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
7
                **FOR THE COUNTY OF SAN BENITO**
8
   YULIE NAREZ, as an individual and on        Case No.: **CU - 16 - 0 0 0 0 9**
9  behalf of all others similarly situated.

                                              **CLASS ACTION COMPLAINT FOR**
10          Plaintiffs.                         **DAMAGES FOR:**

11              vs.                            **(1) VIOLATION OF CAL. LABOR CODE §§**
                                                  **1194, 1197, AND 1197.1;**
12 MACY'S WEST STORES, INC. DBA
   MACY'S, an Ohio corporation; and          **(2) VIOLATION OF CAL. LABOR CODE §§**
13 DOES 1 through 50, inclusive,                 **510, 1194, AND 1197.1;**

14             Defendants.                     **(3) VIOLATION OF CAL. LABOR CODE §§**
                                                  **226.7 AND 512;**
15
                                              **(4) VIOLATION OF CAL. LABOR CODE §**
16                                                **226.7;**

17                                            **(5) VIOLATION OF CAL. LABOR CODE §**
                                                  **226;**
18
                                              **(6) VIOLATION OF CAL. LABOR CODE §**
19                                                **2698, ET SEQ.;**

20                                            **(7) VIOLATION OF CAL. BUS. & PROF.**
                                                  **CODE § 17200, ET SEQ.**
21
                                              **DEMAND FOR JURY TRIAL**
22
                                              **DEMAND OVER $25,000.00**
23                                              (by Fax)

24

25

26

27

28

                                    1

                        CLASS ACTION COMPLAINT

WILLIAM L. MARDER, ESQ. (CBN 170131)
Polaris Law Group LLP
501 San Benito Street, Suite 200
Hollister, CA 95023
Tel: (831) 531-4214
Fax: (831) 634-0333

Dennis S. Hyun (State Bar No. 224240)
HYUN LEGAL, APC
550 South Hope Street, Suite 2655
Los Angeles, CA  90071
(213) 488-6555
(213) 488-6554 facsimile

Attorneys for Plaintiff and the Class

2

CLASS ACTION COMPLAINT

EXHIBIT A- 12

1        Plaintiff Yulie Narez ("Plaintiff") hereby submits this Class Action Complaint

2    ("Complaint") against Defendants Macy's West Stores, Inc. dba Macy's and Does 1 through 50

3    (hereinafter collectively referred to as "Defendants") on behalf of herself and the class of all

4    other similarly situated current and former employees of Defendants for minimum wages,

5    overtime wages, premium pay for missed meal periods, penalties under the California Labor

6    Code, and for restitution as follows:

7    <center>**INTRODUCTION**</center>

8        1.    This class action is within the Court's jurisdiction under California Labor Code

9    §§ 201-203, 226, 226.7, 510, 512, 558, 1194, 1197, 1197.1 and 2698, et seq. and the applicable

10   Wage Orders of the California Industrial Welfare Commission ("IWC") and the California

11   Unfair Competition Law (the "UCL"), Business and Professions Code § 17200, et seq.

12       2.    This complaint challenges systemic illegal employment practices resulting in

13   violations of the California Labor Code and the UCL against individuals who worked for

14   Defendants.

15       3.    Plaintiff is informed and believes, and based thereon alleges, that Defendants,

16   jointly and severally, have acted intentionally and with deliberate indifference and conscious

17   disregard to the rights of all employees in receiving minimum wages and overtime wages for all

18   hours worked, as well as premium pay for missed meal and rest periods.

19       4.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

20   have engaged in, among other things a system of willful violations of the California Labor Code

21   and the UCL by creating and maintaining policies, practices and customs that knowingly deny

22   employees the above stated rights and benefits.

23       5.    The policies, practices and customs of defendants described above and below

24   have resulted in unjust enrichment of Defendants and an unfair business advantage over

25   businesses that routinely adhere to the strictures of the California Labor Code and the UCL.

26   <center>**JURISDICTION AND VENUE**</center>

27       6.    The Court has jurisdiction over the violations of the California Labor Code §§

28   201-203, 226, 226.7, 510, 512, 558, 1194, 1197, 1197.1, and 2698, and the UCL.

<center>3</center>

<center>CLASS ACTION COMPLAINT</center>

7.    Venue is proper in San Benito County because Plaintiff resides in this County.

**PARTIES**

8.    Plaintiff was hired by the Company to work as non-exempt employee. Plaintiff worked for Defendant from on or about November 23, 2013, until on or about July 27, 2015.

9.    Plaintiff was and is the victim of the policies, practices, and customs of Defendants complained of in this action in ways that have deprived them of the rights guaranteed by California Labor Code §§ 201-203, 226, 226.7, 510, 512, 558, 1194, 1197, 1197.1, and 2698 and the UCL.

10.    Plaintiff is informed and believes, and based thereon alleges, that Defendants are Ohio corporations which operate retail stores throughout the United States, including numerous locations in the State of California.

11.    Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned Defendant and Does 1 through 50, are and were corporations, business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California. As such, and based upon all the facts and circumstances incident to Defendants' business, Defendants are subject to California Labor Code §§ 201-203, 226, 226.7, 510, 512, 558, 1194, 1197, 1197.1, and 2698 and the UCL.

12.    Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the Defendant sued herein as Does 1 through 50, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiff prays for leave to amend this complaint when the true names and capacities are known. Plaintiff is informed and believes and based thereon alleges that each of said fictitious Defendants was responsible in some way for the matters alleged herein and proximately caused Plaintiff and members of the general public and class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

13.    At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were

4

EXHIBIT A- 14

1  acting within the course and scope of said agency and employment.

2  14.   Plaintiff is informed and believes, and based thereon alleges, that at all times
3  material hereto, each of the Defendants named herein was the agent, employee, alter ego and/or
4  joint venturer of, or working in concert with each of the other co-Defendants and was acting
5  within the course and scope of such agency, employment, joint venture, or concerted activity.
6  To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of
7  the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting
8  Defendants.

9  15.   At all times herein mentioned, Defendants, and each of them, were members of,
10  and engaged in, a joint venture, partnership and common enterprise, and acting within the course
11  and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

12  16.   At all times herein mentioned, the acts and omissions of various Defendants, and
13  each of them, concurred and contributed to the various acts and omissions of each and all of the
14  other Defendants in proximately causing the injuries and damages as herein alleged.  At all times
15  herein mentioned, Defendants, and each of them, ratified each and every act or omission
16  complained of herein.  At all times herein mentioned, Defendants, and each of them, aided and
17  abetted the acts and omissions of each and all of the other Defendants in proximately causing the
18  damages as herein alleged.

19  ## CLASS ACTION ALLEGATIONS

20  17.   **Definition:**  The named individual Plaintiff seeks class certification, pursuant to
21  California Code of Civil Procedure § 382.  Plaintiff proposes the following Class and Subclasses:

22  a.   All non-exempt retail store employees who were employed by Defendants in the
23  State of California at any time from January 25, 2011, through the present (the "Class");

24  b.   All current and former non-exempt employees of Defendants who worked at any
25  time during the period of time from January 25, 2011, through the present, in the State of
26  California, who received overtime pay and non-discretionary incentive pay, including
27  without limitation, Credit/Give Back and Incentive Pay (the "Regular Rate Class");

28  g.   All current and former non-exempt employees of Defendants who worked at any

5

1    time during the period of time from January 25, 2014, through the present, in the State of

2    California, who received a wage statement at any time (the "Wage Statement Class").

3    18.    **Numerosity and Ascertainability:** The members of the Class are so numerous

4    that joinder of all members would be impractical, if not impossible. The identity of the members

5    of the Class is readily ascertainable by review of Defendants' records, including payroll records.

6    Plaintiff is informed and believes, and based thereon alleges, that Defendants: (a) failed to pay

7    employees minimum wages for time spent undergoing security checks after they were clocked-

8    out in violation of Labor Code §§ 558, 1194, 1197, and 1197.1; (b) failed to pay employees

9    overtime wages for time spent undergoing security checks after they were clocked-out in

10    violation of Labor Code §§ 510, 558, 1194, and 1197.1; (c) failed to provide off-duty 30-minute

11    meal breaks to employees who worked 5 hours or longer in one shift in violation of Labor Code

12    §§ 226.7 and 512; (d) failed to provide off-duty 10-minute rest breaks to employees for every 3.5

13    hours worked in violation of Labor Code § 226.7; (e) failed to correctly calculate the regular rate

14    of pay by not including all non-discretionary incentive pay and, thus, failed to pay overtime at

15    the correct regular rate; (f) failed to provide accurate itemized wage statements in violation of

16    Labor Code § 226(a); and (g) engaged in unfair business practices in violation of the California

17    Labor Code, the applicable IWC Wage Orders, and the UCL.

18    19.    **Adequacy of Representation:** The named Plaintiff is fully prepared to take all

19    necessary steps to represent fairly and adequately the interests of the class defined above.

20    Plaintiff's attorneys are ready, willing and able to fully and adequately represent the class and the

21    individual Plaintiff. Plaintiff's attorneys have prosecuted and settled wage-and-hour class

22    actions in the past and currently have a number of wage-and-hour class actions pending in

23    California state and federal courts.

24    20.    Defendants uniformly administered a corporate policy, practice of: (a) failing to

25    pay employees minimum wages for time spent undergoing security checks after they were

26    clocked-out in violation of Labor Code §§ 558, 1194, 1197, and 1197.1; (b) failing to pay

27    employees overtime wages for time spent undergoing security checks after they were clocked-

28    out in violation of Labor Code §§ 510, 558, 1194, and 1197.1; (c) failing to provide off-duty 30-

6

EXHIBIT A- 16

1  minute meal breaks to employees who worked 5 hours or longer in one shift in violation of

2  Labor Code §§ 226.7 and 512; (d) failing to provide off-duty 10-minute rest breaks to employees

3  for every 3.5 hours worked in violation of Labor Code § 226.7; (e) failing to correctly calculate

4  the regular rate of pay by not including all non-discretionary incentive pay and, thus, failing to

5  pay overtime at the correct regular rate; (f) failing to provide accurate itemized wage statements

6  in violation of Labor Code § 226(a); and (g) engaging in unfair business practices in violation of

7  the California Labor Code, the applicable IWC Wage Orders, and the UCL.

8      21.    Plaintiff is informed and believes, and based thereon alleges, that this corporate

9  conduct is accomplished with the advance knowledge and designed intent to willfully and

10 intentionally fail to accurately record proper rates of pay, hours worked, net wages, and

11 deductions.

12     22.    Plaintiff is informed and believes, and based thereon alleges, that Defendants had

13 a consistent and uniform policy, practice and procedure of willfully failing to comply with Labor

14 Code §§ 201-203, 226, 226.7, 510, 512, 558, 1194, 1197, 1197.1, and the UCL.

15     23.    **Common Question of Law and Fact:**  There are predominant common questions

16 of law and fact and a community of interest amongst Plaintiff and the claims of the Class

17 concerning Defendant's policy and practice of: (a) failing to pay employees minimum wages for

18 time spent undergoing security checks after they were clocked-out in violation of Labor Code §§

19 558, 1194, 1197, and 1197.1; (b) failing to pay employees overtime wages for time spent

20 undergoing security checks after they were clocked-out in violation of Labor Code §§ 510, 558,

21 1194, and 1197.1; (c) failing to provide off-duty 30-minute meal breaks to employees who

22 worked 5 hours or longer in one shift in violation of Labor Code §§ 226.7 and 512; (d) failing to

23 provide off-duty 10-minute rest breaks to employees for every 3.5 hours worked in violation of

24 Labor Code § 226.7; (e) failing to correctly calculate the regular rate of pay by not including all

25 non-discretionary incentive pay and, thus, failing to pay overtime at the correct regular rate; (f)

26 failing to provide accurate itemized wage statements in violation of Labor Code § 226(a); and (g)

27 engaging in unfair business practices in violation of the California Labor Code, the applicable

28 IWC Wage Orders, and the UCL.

7

CLASS ACTION COMPLAINT

EXHIBIT A- 17

1     24.   **Typicality:** The claims of Plaintiff are typical of the claims of all members of the
2  Class in that Plaintiff suffered the harm alleged in this Complaint in a similar and typical manner
3  as the Class members. As with all other non-exempt retail store employees in the State of
4  California, Plaintiff was required to undergo security checks after she clocked-out, including
5  being required to clock-out and undergo the security check after her shift ended, as well as being
6  required to undergo security checks after she had already clocked out to take her purported "off-
7  duty" 30-minute meal breaks. Plaintiff and other non-exempt employees were also required to
8  undergo security checks before being allowed to take their purported "off-duty" 10-minute rest
9  breaks. Although Plaintiff was required to stay at work to undergo these checks, she was not
10  paid any applicable minimum wages and/or overtime for these security checks. Although it is
11  well-settled that Defendants should have paid applicable minimum and overtime wages, for time
12  spent in these security checks, as well as meal and rest period premium pay for the shortened
13  and/or missed meal and rest breaks as a result of having to undergo these security checks to
14  Plaintiff and Class Members, Defendants failed to do so. Plaintiff and other class members also
15  received non-discretionary incentive pay. Nevertheless, Defendants failed to include these items
16  of pay into the regular rate of pay for purposes of calculating overtime. Therefore, Defendants
17  owe Plaintiff and class members additional overtime pay. Defendants also failed to provide
18  Plaintiff and class members with itemized wage statements containing all required information,
19  including without limitation, the correct hourly rate of pay, and actual total hours worked,
20  including, time spent undergoing security and/or bag checks which were performed off-the-
21  clock. Moreover, Defendants are liable for waiting time-penalties pursuant to Labor Code §§
22  201-203, including with respect to Plaintiff. Therefore, Plaintiff is a member of the Class and
23  has suffered the alleged violations of California Labor Code §§ 201-203, 226, 226.7, 510, 512,
24  558, 1194, 1197, and 1197.1.

25     25.   The California Labor Code and upon which Plaintiff bases these claims are
26  broadly remedial in nature. These laws and labor standards serve an important public interest in
27  establishing minimum working conditions and standards in California. These laws and labor
28  standards protect the average working employee from exploitation by employers who may seek

1 │ to take advantage of superior economic and bargaining power in setting onerous terms and
2 │ conditions of employment.

3 │     26.    The nature of this action and the format of laws available to Plaintiff and
4 │ members of the Class identified herein make the class action format a particularly efficient and
5 │ appropriate procedure to redress the wrongs alleged herein. If each employee were required to
6 │ file an individual lawsuit, the corporate Defendants would necessarily gain an unconscionable
7 │ advantage since it would be able to exploit and overwhelm the limited resources of each
8 │ individual plaintiff with their vastly superior financial and legal resources. Requiring each Class
9 │ member to pursue and individual remedy would also discourage the assertion of lawful claims by
10 │ employees who would be disinclined to file an action against their former and/or current
11 │ employer for real and justifiable fear of retaliation and permanent damage to their careers at
12 │ subsequent employment.

13 │     27.    The prosecution of separate actions by the individual class members, even if
14 │ possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect
15 │ to individual Class members against the Defendants and which would establish potentially
16 │ incompatible standards of conduct for the Defendants, and/or (b) adjudications with respect to
17 │ individual Class members which would, as a practical matter, be dispositive of the interest of the
18 │ other Class members not parties to the adjudications or which would substantially impair or
19 │ impede the ability of the Class members to protect their interests. Further, the claims of the
20 │ individual members of the Class are not sufficiently large to warrant vigorous individual
21 │ prosecution considering all of the concomitant costs and expenses.

22 │     28.    Such a pattern, practice and uniform administration of corporate policy regarding
23 │ illegal employee compensation described herein is unlawful and creates an entitlement to
24 │ recovery by Plaintiff and the Class identified herein, in a civil action, for unpaid minimum
25 │ wages, overtime wages, applicable penalties, reasonable attorneys' fees, and costs of suit
26 │ according to the mandate of California Labor Code §§ 201-203, 226, 218.5, 510, 558, 1194,
27 │ 1197, 1197.1, and Code of Civil Procedure § 1021.5.

28 │     29.    Proof of a common business practice or factual pattern, which the named Plaintiff

9

EXHIBIT A- 19

1    experienced and is representative of, will establish the right of each of the members of the

2    Plaintiff Class to recovery on the causes of action alleged herein.

3        30.    The Plaintiff Class is commonly entitled to a specific fund with respect to the

4    compensation illegally and unfairly retained by Defendants. The Plaintiff Class is commonly

5    entitled to restitution of those funds being improperly withheld by Defendants. This action is

6    brought for the benefit of the entire class and will result in the creation of a common fund.

7                                **FIRST CAUSE OF ACTION**

8                    **VIOLATION OF LABOR CODE §§ 1194, 1197, AND 1197.1**

9                    **(BY PLAINTIFF AND THE CLASS AGAINST ALL DEFENDANTS)**

10       31.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 30 as

11   though fully set for herein.

12       32.    This cause of action is brought pursuant to Labor Code §§ 1194, 1197, and

13   1197.1, which require an employer to pay employees minimum wages for all hours worked less

14   than eight hours in a day and/or less than 40 hours in a workweek.

15       33.    As a pattern and practice, Defendants suffered and permitted employees to work

16   without payment of minimum wages for all hours worked in a workday and workweek.

17   Specifically, Defendants failed to pay for time spent by employees undergoing security checks

18   after they had already clocked-out at the end of their shifts. Defendants had a uniform corporate

19   pattern and practice and procedure regarding the above practices in violation of Labor Code §§

20   1194 and 1197.

21       34.    Such a pattern, practice and uniform administration of corporate policy regarding

22   illegal employee compensation as described herein is unlawful and creates an entitlement to

23   recovery by Plaintiff and the Class in a civil action, for the unpaid balance of the full amount of

24   damages owed, including interest thereon, penalties, attorneys' fees, and costs of suit according

25   to the mandate of California Labor Code §§ 1194 and 1197.

26       35.    Plaintiff and Class Members whose employment ended are also entitled waiting-

27   time penalties pursuant to Labor Code §§ 201-203. Labor Code § 201 provides that all wages

28   earned and unpaid at the time of an employee's discharge are due and payable immediately.

                                           10

EXHIBIT A- 20

1   Labor Code § 202 provides that, in the case of an employee who resigns or quits, such wages
2   must be paid not later than 72 hours thereafter, unless the employee has given 72 hours previous
3   notice, in which case the employee must be paid all wages due and earned at the time of quitting.
4   Labor Code § 203 provides that an employer who willfully fails to pay such wages due to an
5   employee who is discharged or quits must pay that employee waiting-time penalties in the form
6   of a day's wages up to 30 days until all of the wages owed are paid.  As a pattern and practice,
7   Defendants regularly and willfully failed and refused to pay all wages due and earned to
8   discharged employees at the time of their termination, or within 72 hours of employees who quit
9   and/or have resigned, or at the time of termination for those employees who gave 72 hours'
10  notice.  More specifically, Defendants violated Labor Code §§ 201-203 by, among other
11  unlawful acts, refusing to pay minimum wages, overtime wages, and meal and rest period
12  premium pay for time spent undergoing security checks, and additional overtime pay as a result
13  of failing to properly include all non-discretionary incentive pay into the regular rate of pay.

14                              **SECOND CAUSE OF ACTION**

15                **VIOLATION OF LABOR CODE §§ 510, 1194, AND 1197.1**

16              **(BY PLAINTIFF AND THE CLASS AGAINST ALL DEFENDANTS)**

17          36.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 35 as
18  though fully set for herein.

19          37.     This cause of action is brought pursuant to Labor Code §§ 510, 1194, and 1197.1
20  which require an employer to pay employees overtime at a rate of one and one-half the
21  employee's regular rate of pay for any work in excess of eight hours in a workday or 40 hours in
22  a workweek.

23          38.     As a pattern and practice, Defendants suffered and permitted employees to work
24  in excess of eight hours in a workday and/or over 40 hours in a workweek without overtime pay.
25  Specifically, Defendants failed to pay overtime for time spent by employees undergoing security
26  checks after they had already clocked-out at the end of their shifts.  Moreover, during their
27  employment with Defendants, including during pay periods wherein Plaintiff and the Class
28  worked overtime, Plaintiff and the Class also earned non-discretionary incentive pay.

11

**CLASS ACTION COMPLAINT**

EXHIBIT A- 21

1  Defendants, as a corporate-wide practice and policy, did not calculate and/or factor such non-

2  discretionary pay into Plaintiff's and Class Members' regular rate of pay for purposes of

3  calculating revised and increased overtime pay, and as such, owes Plaintiff and the Class

4  additional overtime pay.

5       39.     Defendants had a uniform corporate pattern and practice and procedure regarding

6  the above practices in violation of Labor Code §§ 510, 1194, and 1197.1.

7       40.     Such a pattern, practice and uniform administration of corporate policy regarding

8  illegal employee compensation as described herein is unlawful and creates an entitlement to

9  recovery by Plaintiff and the Class in a civil action, for the unpaid balance of the full amount of

10  damages owed, including interest thereon, penalties, attorneys' fees, and costs of suit according

11  to the mandate of California Labor Code §§ 510, 1194, and 1197.1.

12       41.     Plaintiff and Class Members whose employment ended are also entitled waiting-

13  time penalties pursuant to Labor Code §§ 201-203. Labor Code § 201 provides that all wages

14  earned and unpaid at the time of an employee's discharge are due and payable immediately.

15  Labor Code § 202 provides that, in the case of an employee who resigns or quits, such wages

16  must be paid not later than 72 hours thereafter, unless the employee has given 72 hours previous

17  notice, in which case the employee must be paid all wages due and earned at the time of quitting.

18  Labor Code § 203 provides that an employer who willfully fails to pay such wages due to an

19  employee who is discharged or quits must pay that employee waiting-time penalties in the form

20  of a day's wages up to 30 days until all of the wages owed are paid.  As a pattern and practice,

21  Defendants regularly and willfully failed and refused to pay all wages due and earned to

22  discharged employees at the time of their termination, or within 72 hours of employees who quit

23  and/or have resigned, or at the time of termination for those employees who gave 72 hours'

24  notice.  More specifically, Defendants violated Labor Code §§ 201-203 by, among other

25  unlawful acts, refusing to pay minimum wages, overtime wages, and meal and rest period

26  premium pay for time spent undergoing security checks, and additional overtime pay as a result

27  of failing to properly include all non-discretionary incentive pay into the regular rate of pay.

28

12

CLASS ACTION COMPLAINT

EXHIBIT A- 22

### THIRD CAUSE OF ACTION

### VIOLATION OF LABOR CODE §§ 226.7 AND 512

### (BY PLAINTIFF AND THE CLASS AGAINST ALL DEFENDANTS)

42.   Plaintiff re-alleges and incorporates by reference paragraphs 1 through 41 as though fully set for herein.

43.   At all relevant times. Defendants failed in their affirmative obligation to ensure that Plaintiff, and other class members, had the opportunity to take and were provided with off-duty meal periods in accordance with the mandates of the California Labor Code and the applicable IWC Wage Order.  Specifically, Defendants required Plaintiff and Class Members to undergo security checks after they clocked out to begin their off-duty meal breaks, but before they could take their meal breaks.  Thus, Plaintiff and Class Members were denied their right to 30-minute, off-duty meal breaks for any and all shifts in which they worked 5 hours or longer. In other words, Plaintiff and Class Members were suffered and permitted to work through legally required meal breaks and were denied the opportunity to take their full 30-minute off-duty meal breaks because they remained under Defendants' control by virtue of having to undergo these security checks.  As such, Defendants are responsible for paying premium compensation for missed meal periods pursuant to Labor Code §§ 226.7 and 512 and the applicable IWC Wage Order.  Defendants, as a matter of corporate policy and procedure, regularly failed to pay such premium compensation for each full 30-minute duty-free meal period Plaintiff and the Class Members missed.

44.   As a pattern and practice, Defendants regularly required employees to undergo security checks after clocking out for their meal breaks.  In other words, before the employees could actually begin taking the off-duty meal break, Defendants as a corporate policy and practice required these employees to undergo security checks even though the employees were clocked out and supposed to have been already taking their off-duty meal break.

45.   This policy of requiring employees to work through their legally mandated meal periods and not allowing them to take proper off-duty meal periods is a violation of California law.

13

CLASS ACTION COMPLAINT

EXHIBIT A- 23

46.     Plaintiff is informed and believe and based thereon alleges that Defendants willfully failed to pay employees who were not provided the opportunity to take meal breaks the premium compensation set out in Labor Code §§ 226.7 and 512, and the applicable IWC Wage Order and that Plaintiff and those employees similarly situated as them are owed wages for the meal period violations set forth above. Plaintiff is informed and believes and based thereon alleges that Defendants' willful failure to provide Plaintiff and other class members the wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and other members of the class who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

47.     Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiff and Class Members identified herein, in a civil action, for the unpaid balance of the unpaid premium compensation pursuant to Labor Code §§ 226.7 and 512, and the applicable IWC Wage Order, including interest thereon, penalties, reasonable attorneys' fees, and costs of suit.

48.     Plaintiff and Class Members whose employment ended are also entitled waiting-time penalties pursuant to Labor Code §§ 201-203. Labor Code § 201 provides that all wages earned and unpaid at the time of an employee's discharge are due and payable immediately. Labor Code § 202 provides that, in the case of an employee who resigns or quits, such wages must be paid not later than 72 hours thereafter, unless the employee has given 72 hours previous notice, in which case the employee must be paid all wages due and earned at the time of quitting. Labor Code § 203 provides that an employer who willfully fails to pay such wages due to an employee who is discharged or quits must pay that employee waiting-time penalties in the form of a day's wages up to 30 days until all of the wages owed are paid. As a pattern and practice, Defendants regularly and willfully failed and refused to pay all wages due and earned to discharged employees at the time of their termination, or within 72 hours of employees who quit and/or have resigned, or at the time of termination for those employees who gave 72 hours' notice. More specifically, Defendants violated Labor Code §§ 201-203 by, among other

14

1  unlawful acts, refusing to pay minimum wages, overtime wages, and meal and rest period

2  premium pay for time spent undergoing security checks, and additional overtime pay as a result

3  of failing to properly include all non-discretionary incentive pay into the regular rate of pay.

### FOURTH CAUSE OF ACTION

### VIOLATION OF LABOR CODE § 226.7

### (BY PLAINTIFF AND THE CLASS AGAINST ALL DEFENDANTS)

7      49.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 48 as

8  though fully set for herein.

9      50.    At all relevant times, Defendants failed in their affirmative obligation to ensure

10  that Plaintiff, and other class members, had the opportunity to take and were provided with off-

11  duty 10-minute rest periods in accordance with the mandates of the California Labor Code and

12  the applicable IWC Wage Order. Specifically, Defendants required Plaintiff and Class Members

13  to undergo security checks after they clocked out to begin their off-duty 10-minute rest breaks,

14  but before they could take their rest breaks. Thus, Plaintiff and Class Members were denied their

15  right to 10-minute, off-duty rest breaks for any and all shifts in which they worked 3.5 hours or

16  longer. In other words, Plaintiff and Class Members were suffered and permitted to work

17  through legally required rest breaks and were denied the opportunity to take their full 10-minute

18  off-duty rest breaks because they remained under Defendants' control by virtue of having to

19  undergo these security checks. As such, Defendants are responsible for paying premium

20  compensation for missed rest periods pursuant to Labor Code § 226.7 and the applicable IWC

21  Wage Order. Defendants, as a matter of corporate policy and procedure, regularly failed to pay

22  such premium compensation for each full 10-minute duty-free rest period Plaintiff and the Class

23  Members missed.

24      51.    As a pattern and practice, Defendants regularly required employees to undergo

25  security checks after clocking out for their rest breaks. In other words, before the employees

26  could actually begin taking the off-duty rest break. Defendants as a corporate policy and practice

27  required these employees to undergo security checks even though the employees were clocked

28  out and supposed to have been already taking their off-duty rest break.

13

EXHIBIT A- 25

52.     This policy of requiring employees to work through their legally mandated rest periods and not allowing them to take proper off-duty rest periods is a violation of California law.

53.     Plaintiff is informed and believe and based thereon alleges that Defendants willfully failed to pay employees who were not provided the opportunity to take rest breaks the premium compensation set out in Labor Code § 226.7, and the applicable IWC Wage Order and that Plaintiff and those employees similarly situated as them are owed wages for the rest period violations set forth above.

54.     Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiff and Class Members identified herein, in a civil action, for the unpaid balance of the unpaid premium compensation pursuant to Labor Code § 226.7 and the applicable IWC Wage Order, including interest thereon, penalties, reasonable attorneys' fees, and costs of suit.

55.     Plaintiff and Class Members whose employment ended are also entitled waiting-time penalties pursuant to Labor Code §§ 201-203. Labor Code § 201 provides that all wages earned and unpaid at the time of an employee's discharge are due and payable immediately. Labor Code § 202 provides that, in the case of an employee who resigns or quits, such wages must be paid not later than 72 hours thereafter, unless the employee has given 72 hours previous notice, in which case the employee must be paid all wages due and earned at the time of quitting. Labor Code § 203 provides that an employer who willfully fails to pay such wages due to an employee who is discharged or quits must pay that employee waiting-time penalties in the form of a day's wages up to 30 days until all of the wages owed are paid.  As a pattern and practice, Defendants regularly and willfully failed and refused to pay all wages due and earned to discharged employees at the time of their termination, or within 72 hours of employees who quit and/or have resigned, or at the time of termination for those employees who gave 72 hours' notice. More specifically, Defendants violated Labor Code §§ 201-203 by, among other unlawful acts, refusing to pay minimum wages, overtime wages, and meal and rest period premium pay for time spent undergoing security checks, and additional overtime pay as a result

16

EXHIBIT A- 26

1  of failing to properly include all non-discretionary incentive pay into the regular rate of pay.

2  ### FIFTH CAUSE OF ACTION

3  ### VIOLATION OF LABOR CODE § 226

4  ### (BY PLAINTIFF AND THE CLASS AGAINST ALL DEFENDANTS)

5  56.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 55 as

6  though fully set for herein.

7  57.    Defendants failed in their affirmative obligation to provide accurate itemized

8  wage statements. Defendants, as a matter of policy and practice, did not provide accurate

9  records in violation of Labor Code § 226 by failing as a matter of policy and practice to provide

10  accurate payroll records for Plaintiff and the Class.

11  58.    Plaintiff and the Class were paid hourly. As such, the wage statements should

12  have reflected the number of hours worked and the applicable hourly rates, pursuant to Labor

13  Code § 226(a)(3). The wage statements provided to Plaintiff and the Class failed to identify such

14  information, including without limitation, the number of hours worked and the correct applicable

15  hourly rates, as well as all of the wages owed for unpaid minimum wages and overtime and

16  missed meal and rest period premium pay.

17  59.    Such a pattern, practice and uniform administration of corporate policy as

18  described herein is unlawful and creates an entitlement to recovery by the Plaintiff and the Class

19  identified herein, in a civil action, for all damages or penalties pursuant to Labor Code § 226,

20  including interest thereon, attorneys' fees, and costs of suit according to the mandate of

21  California Labor Code § 226.

22  ### SIXTH CAUSE OF ACTION

23  ### VIOLATION OF LABOR CODE § 2698, *ET SEQ.*

24  ### (AGAINST ALL DEFENDANTS BY PLAINTIFF)

25  60.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 60 as

26  though fully set for herein.

27  61.    Plaintiff brings this cause of action on behalf as a proxy for the State of California

28  and in this capacity, seeks penalties on behalf of all Aggrieved Employees from August 4, 2014,

17

EXHIBIT A- 27

1   through the present, for Defendants' violations of Labor Code §§ 201-203, 226, 226, 226.7, 510,

2   512, 558, 1194, 1197, and 1197.1, arising from Defendants: (a) failure to pay employees

3   minimum wages for time spent undergoing security checks after they were clocked-out in

4   violation of Labor Code §§ 558, 1194, 1197, 1197.1; (b) failure to pay employees overtime

5   wages for time spent undergoing security checks after they were clocked-out in violation of

6   Labor Code §§ 510, 558, 1194 and 1197.1; (c) failure to provide off-duty 30-minute meal breaks

7   to employees who worked 5 hours or longer in one shift in violation of Labor Code §§ 226.7 and

8   512; (d) failure to provide off-duty 10-minute rest breaks to employees for every 3.5 hours

9   worked in violation of Labor Code § 226.7; (e) failure to correctly calculate the regular rate of

10  pay by not including all non-discretionary incentive pay and, thus, failing to pay overtime at the

11  correct regular rate; and (f) failure to provide accurate itemized wage statements in violation of

12  Labor Code § 226(a).

13      62.     On or about August 4, 2015, Plaintiff sent written notice to the California Labor

14  & Workforce Development Agency ("LWDA") of Defendants' violations of Labor Code §§ 226,

15  226.7, 510, 512, 558, 1194, 1197, and 1197.1, pursuant to Labor Code § 2698, *et seq.*, the

16  Private Attorney General Act ("PAGA").

17      63.     As such, pursuant to Labor Code § 2699(a), Plaintiff seeks recovery of any and all

18  applicable civil penalties for Defendants' violation of Labor Code §§ 201-203, 226, 226.7, 510,

19  512, 558, 1194, 1197, and 1197.1, for the time periods described above, on behalf of herself and

20  other Aggrieved Employees.

21                          SEVENTH CAUSE OF ACTION

22  VIOLATIONS OF THE UCL, BUSINESS & PROFESSIONS CODE § 17200, *ET SEQ.*

23           (BY PLAINTIFF AND THE CLASS AGAINST ALL DEFENDANTS)

24      64.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 63 as

25  though fully set for herein.

26      65.     Defendants, and each of them, have engaged and continue to engage in unfair and

27  unlawful business practices in California by practicing, employing and utilizing the employment

28  practices outlined above, include, to wit, by: (a) failing to pay employees minimum wages for

18

EXHIBIT A- 28

1   time spent undergoing security checks after they were clocked-out in violation of Labor Code §§

2   1194 and 1197; (b) failing to pay employees overtime wages for time spent undergoing security

3   checks after they were clocked-out in violation of Labor Code §§ 510 and 1194; (c) failing to

4   provide off-duty 30-minute meal breaks to employees who worked 5 hours or longer in one shift

5   in violation of Labor Code §§ 226.7 and 512; (d) failing to provide off-duty 10-minute rest

6   breaks to employees for every 3.5 hours worked in violation of Labor Code § 226.7; (e) failing to

7   correctly calculate the regular rate of pay by not including all non-discretionary incentive pay

8   and, thus, failing to pay overtime pay at the correct regular rate; and (f) failing to provide

9   accurate itemized wage statements in violation of Labor Code § 226(a).

10        66.     Defendants' utilization of such unfair and unlawful business practices constitutes

11  unfair, unlawful competition and provides an unfair advantage over Defendants' competitors.

12        67.     Plaintiff seeks, on behalf of herself and other members of the Class similarly

13  situated, full restitution of monies, as necessary and according to proof, to restore any and all

14  monies withheld, acquired and/or converted by the Defendants by means of the unfair practices

15  complained of herein.

16        68.     Plaintiff is informed and believes, and based thereon alleges, that at all times

17  herein mentioned Defendants have engaged in unlawful, deceptive and unfair business practices,

18  as proscribed by California Business and Professions Code § 17200, *et seq.*, including those set

19  forth herein above thereby depriving Plaintiff and other members of the class the minimum

20  working condition standards and conditions due to them under the California laws as specifically

21  described therein.

22                              **PRAYER FOR RELIEF**

23        WHEREFORE, Plaintiff prays for judgment for herself and all others on whose behalf

24  this suit is brought against Defendants, jointly and severally, as follows:

25        1.      For an order certifying the proposed classes;

26        2.      For an order appointing Plaintiff as the representative of the classes as described

27  herein;

28        3.      For an order appointing Counsel for Plaintiff as class counsel;

1    4.    Upon the First Cause of Action, for damages and/or penalties pursuant to statute
2 as set forth in Labor Code §§ 201-203, 558, 1194, 1197, 1197.1, and for costs and attorneys'
3 fees;

4    5.    Upon the Second Cause of Action, for damages and/or penalties pursuant to
5 Labor Code §§ 201-203, 510, 558, 1197, and 1197.1, and for costs and attorneys' fees;

6    6.    Upon the Third Cause of Action, for damages and/or penalties pursuant to
7 California Labor Code §§ 201-203, 226.7, and 512, and for costs and attorneys' fees;

8    7.    Upon the Fourth Cause of Action, for damages and/or penalties pursuant to
9 California Labor Code §§ 201-203, and 226.7, and for costs and attorneys' fees;

10    8.    Upon the Fifth Cause of Action, for penalties pursuant to California Labor Code §
11 226, and for costs and attorneys' fees;

12    10.    Upon the Sixth Cause of Action, for civil penalties according to proof pursuant to
13 Labor Code § 2698, et seq., and for costs and attorneys' fees;

14    11.    Upon the Seventh Cause of Action, for restitution to Plaintiff and other similarly
15 effected members of the general public of all funds unlawfully acquired by Defendants by means
16 of any acts or practices declared by this Court to be in violation of Business and Professions
17 Code § 17200, et seq.;

18    9.    On all causes of action for attorneys' fees and costs as provided by California
19 Labor Code §§ 218.5, 226, 510, 558, 1194, 1197, and 2698, et seq., and Code of Civil Procedure
20 § 1021.5; and

21    10.    For such other and further relief the Court may deem just and proper.

22

23 DATED: January 25, 2016                    DIVERSITY LAW GROUP, P.C.
24
25
                                            By:_____
26                                                 Larry W. Lee
                                            Attorneys for Plaintiff and the Class
27
28

<center>20</center>
<center>CLASS ACTION COMPLAINT</center>

## DEMAND FOR JURY TRIAL

Plaintiff, for herself and the Class, hereby demands a jury trial as provided by California law.

DATED: January 22, 2016January 25, 2016

DIVERSITY LAW GROUP, P.C.

By:_____
        Larry W. Lee
Attorneys for Plaintiff and the Class

21

CLASS ACTION COMPLAINT

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BENITO
450 Fourth Street • Hollister, CA 95023 • (831) 636-4057 • Fax (831) 636-2046
www.sanbenito.courts.ca.gov

Yulie Narez

)
)
)
)        Plaintiff(s)
)
vs.                                                      )
)
Macy's West Stores, Inc.        )
dba Macy's            Defendant(s)   )
)

Case No. CM-16-00009

**NOTICE OF INCLUSION IN CIVIL CASE MANAGEMENT SYSTEM AND NOTICE OF CASE MANAGEMENT CONFERENCE**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Please take notice that this action is included in the Civil Case Management System. San Benito Superior Court Local Rule Chapter 3 applies to this action. You are required to comply with obligations specified therein or pursuant to this Notice. **Non-compliance may result in the imposition of sanctions.**

You are further advised that a **Case Management Conference is scheduled for** ____5/18/16____ at ___2:15___ p. m. Per California Rule of Court Rule 3.724 parties shall meet and confer no later than 30 calendar days before the first scheduled case management conference. A case management statement shall be filed by each party with proof of service on the opposing party no later than fifteen (15) days prior to the case management conference. Counsel for each party and self-represented party must appear at the conference.

If you would like to appear telephonically, please contact CourtCall at 888-882-6878, option 3, to make arrangements.

Dated: __1/25/16__ ,     by ___Rachelle K_____ , Deputy Clerk

EXHIBIT A- 32

01/25/2016 MON 15:19 FAX                                                                 Ø001/002

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address): | FOR COURT USE ONLY |
|---|---|
| William L. Marder   (Bar # 170131)<br>Polaris Law Group LLP<br>501 San Benito Street<br>Hollister, CA 95023 | FILED<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BENITO |

TELEPHONE NO.: (831) 531-4214        FAX NO.: (831) 634-0333

ATTORNEY FOR (Name): Yulie Narez, Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BENITO

  STREET ADDRESS: 450 Fourth Street

  MAILING ADDRESS:

  CITY AND ZIP CODE: Hollister 95023

  BRANCH NAME:

CASE NAME:

    Yulie Narez vs. Macy's West Stores, Inc. dba Macy's

2016 JAN 25 PM 2: 31

RACHELLE BARRAGAN
DEPUTY

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited   [ ] Limited<br>(Amount    (Amount<br>demanded   demanded is<br>exceeds $25,000)   $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CU - 16 - 00009<br>JUDGE:<br>DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) |    condemnation (14) |    above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) |    types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint (not specified above) (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition (not specified above) (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [X] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [X] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:

  a. [ ] Large number of separately represented parties    d. [X] Large number of witnesses

  b. [X] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts

     issues that will be time-consuming to resolve        in other counties, states, or countries, or in a federal court

  c. [X] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [ ] punitive

4. Number of causes of action (specify): SEVEN (7)

5. This case [X] is   [ ] is not   a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: January 25, 2016

William L. Marder
  (TYPE OR PRINT NAME)                                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov<br>LexisNexis® Automated California Judicial Council Forms |

EXHIBIT A- 33

`v · 01/25/2016 MON 15:21 FAX` ⬛002/002

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the*
   *case involves an uninsured*
   *motorist claim subject to*
   *arbitration, check this item*
   *instead of Auto)*

**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or*
   *toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–
      Physicians & Surgeons
   Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
      and fall)
   Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
   Intentional Infliction of
      Emotional Distress
   Negligent Infliction of
      Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil*
   *harassment)* (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
      Contract *(not unlawful detainer*
         *or wrongful eviction)*
   Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
      Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections
      Case
Insurance Coverage *(not provisionally*
   *complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent*
      *domain, landlord/tenant, or*
      *foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal*
   *drugs, check this item; otherwise,*
   *report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
      Case Matter
   Writ–Other Limited Court Case
      Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally complex*
   *case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
      County)
   Confession of Judgment *(non-*
      *domestic relations)*
   Sister State Judgment
   Administrative Agency Award
      *(not unpaid taxes)*
   Petition/Certification of Entry of
      Judgment on Unpaid Taxes
   Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified*
   *above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-*
      *harassment)*
   Mechanics Lien
   Other Commercial Complaint
      Case *(non-tort/non-complex)*
   Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified*
   *above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
      Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late
      Claim
   Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2
*LexisNexis® Automated California Judicial Council Forms*

EXHIBIT A- 34