# EXHIBIT A



# PLAN DOCUMENT
## EARLY DISPUTE RESOLUTION
## RULES AND PROCEDURES

**January 1, 2007**

*If you need any accommodation to help you read and understand this Solutions InSTORE Plan Document, please call the Office of Solutions InSTORE at 1-866-285-6689.*

*Si le gustaría tener este Documento del Plan en español, favor de llamar el numero 1-866-285-6689.*





Federated Department Stores, Inc. ("Federated") and its subsidiaries and divisions (the "Company") care about their people. We know that from time to time Associates can have problems at work. And even routine differences can get bigger when there are no resources to help solve them.

In 2004, the Company set out to find a more effective way to resolve workplace disputes. We wanted a way that would benefit everyone involved. Our open door policy was a good place to start. Over the years, the Company has had a policy to help Associates handle problems by working with supervisors and/or Human Resources. To make this policy even better known and improve its effectiveness, the Company added new features. Together with Open Door they became our early dispute resolution program: Solutions InSTORE.

We are convinced that a full internal review of differences is the quickest and most productive way to resolve these disputes. It also maintains good working relationships and avoids unnecessary confrontations. So, Open Door **(Step 1)** continues to be the foundation of our program. It must be used before taking the next step.

If you are not satisfied with the result, you can request to have your issue reviewed by the Office of Senior Human Resources Management **(Step 2)**. The Senior Vice President or another Human Resources executive who was not involved in the Open Door process will review your issue. They'll get back to you in writing. Steps 1 and 2 are available for any disputes relating to your employment with the Company.

If you are not satisfied with the result at Step 2, and you believe your situation involves legally protected rights, you can make a Request for Reconsideration **(Step 3)**. Step 3 gives you the option, depending on the nature of your claim, of two methods to continue to seek resolution. One method is Peer Review. A panel of your peers decides the outcome of your dispute. The other method is review by a representative from The Office of Solutions InSTORE. This office is located in Federated's Employee Relations Department in Cincinnati.

In those relatively rare situations that, for whatever reason, your dispute cannot be resolved at Step 3 and you wish to pursue it further, Solutions InSTORE provides for a private, professional way to resolve it outside the company. You can request Arbitration **(Step 4)**. This process involves an Arbitrator. The Arbitrator is a professional, neutral third-party selected by both you and the Company. After a hearing, the Arbitrator renders a final decision. The decision is binding on both the Company and you. Nothing in the Solutions InSTORE program, however, prevents you from filing, at any time, a charge or complaint with a government administrative agency like the EEOC, for example.

All Associates agree to be covered by Step 4 – Arbitration by accepting or continuing employment with the Company after the Effective Date. Associates are given the option to exclude themselves from Arbitration by completing an election form within the prescribed time frame. Until and unless an Associate elects to be excluded from arbitration within the prescribed time frame, the Associate is covered by Step 4 – Arbitration.

The following pages explain how Solutions InSTORE works.

### Step 1 – Open Door

The Company's open door policy encourages Associates to try to resolve any problems at work with their immediate supervisors. If the Associate is unsatisfied with the immediate supervisor's response or needs to talk to someone other than the supervisor, the Associate may take the problem to the next higher level of supervision. Open Door also provides that the Associate may contact the Human Resources department for advice or assistance at any time.

### Step 2 – Review by the Office of Senior Human Resources Management

If the Associate is not satisfied with the result of Open Door (Step 1), the Associate may go to Step 2. To do that, the Associate files a written request for review with the Office of Senior Human Resources Management within thirty (30) days of the Step 1 decision. The complaint is referred to an appropriate HR executive, one who was not involved at Step 1, who will conduct an impartial investigation. A written decision is then issued generally within forty-five (45) days of receiving the complaint. Along with the decision are instructions for pursuing Step 3 if the Associate is not satisfied with the results of Step 2.

Steps 1 and 2 are available for any disputes relating to your employment at the Company. Steps 3 and 4 are available only for claims involving legally protected rights. "Legally protected rights" means claims the Associate could raise in a court or before an administrative agency.

## Step 3 – Request for Reconsideration

For claims involving legally protected rights, if the Associate is not satisfied with the results of Step 2, the Associate may go to Step 3. To do that, the Associate contacts the Office of Solutions InSTORE within thirty (30) days of the Step 2 decision to file a written Request for Reconsideration. Step 3 involves two features the Associate may consider:

**1 – Peer Review**

Peer Review is available if the Associate's claim involves:

- A final warning or the final phase of written commitment to change or improve a performance issue, or
- Termination of employment,

and does not involve issues claiming harassment, discrimination, a reduction in force, layoff, or alleged statutory violations. If the Associate chooses Peer Review, a representative from The Office of Solutions InSTORE gives the Associate contact information for a division facilitator. The Associate has ten (10) days to contact the facilitator. The facilitator arranges for a panel proceeding. A volunteer panel is assembled to review the Associate's complaint and render a decision. This panel consists of peers from the Associate's level, one (1) from the next level and one (1) non-voting facilitator to manage the process. Numbers of panelists may vary by division, region or location. Panels always consist of at least three (3) voting members. The panel is assembled to review the Associate's complaint. A response is given within five (5) days of the conclusion of the panel proceedings.

A decision of the Peer Review panel that upholds the Associate's claim is final and binding on the Company. If the panel denies the Associate's claim, the Company will let the Associate know the procedures for continuing on to Step 4.

**2 – Review by the Office of Solutions InSTORE**

This feature is available for all claims involving legally protected rights. If the Associate chooses review by the Office of Solutions InSTORE, the Solutions InSTORE Program Manager will send to the Associate a confirmation that the complaint was received. A representative of the Office of Solutions InSTORE then conducts an investigation and provides the Associate with a decision in writing. The decision is generally provided within forty-five (45) days of receiving the complaint. A decision that upholds the Associate's claim is final and binding on the Company. But a decision denying the Associate's claim in any way may be challenged by requesting arbitration under Step 4. If the claim is denied, the company will let the Associate know the procedures for continuing on to Step 4.

## Step 4 – Arbitration Rules and Procedures

### Article 1 – Individuals Covered

This Plan Document applies, as of the Effective Date provided in Article 4, to the following individuals, provided that they are not covered by a collective bargaining agreement with Federated:

### a. Newly Hired Associates

All Associates hired by Federated with a first day of employment on or after January 1, 2007.

### b. Covered May Associates

Associates whose employment with Federated relates to the merger of The MAY Department Stores Company with and into Federated Department Stores, Inc. on August 30, 2005 (the "Merger"), as defined in i and ii below:

> i. Former MAY Associates continuously employed by Federated Retail Holdings, Inc., formerly known as The MAY Department Stores Company, between August 30, 2005 and January 1, 2007
>
> ii. Any Associate hired with a first day of employment before January 1, 2007 by a Federated division or subsidiary or operating unit that was an affiliate of MAY before the Merger (e.g., a store, a distribution center, a call center, etc.)

*"Federated" means any division or subsidiary or operating unit or entity related to Federated Department Stores Inc.*

All Associates are automatically covered by all 4 steps of the program by taking or continuing a job with the Company. That means that all Associates agree, as a condition of employment, to arbitrate any and all disputes, including statutory and other claims, not resolved at Step 3. However, Arbitration is a voluntary condition of employment. Associates are given the option of excluding themselves from Step 4 arbitration within a prescribed time frame. Issues at Step 4 are decided by a professional from the American Arbitration Association in an arbitration process, rather than in a court process. Arbitration thus replaces any right you might have to go to court and try your claims before a jury. You are covered by Step 4 unless and until you exercise the option to exclude yourself from arbitration. Whether you choose to remain covered by arbitration or to exclude yourself has no negative effect on your employment.

Any Associate who experiences a break in service with the Company of sixty (60) days or less, or who transfers from one subsidiary, division or affiliated Federated Company to another, remains covered by Arbitration, unless the Associate previously excluded himself during the prescribed time period. If the Associate becomes re-employed with the Company following a break in service greater than sixty (60) days, the Associate is treated as a new hire and is given the opportunity to elect to be excluded from arbitration during the prescribed time period.

**Article 2 – Claims Subject to or Excluded from Arbitration**

Except as otherwise limited, all employment-related legal disputes, controversies or claims arising out of, or relating to, employment or cessation of employment, whether arising under federal, state or local decisional or statutory law ("Employment-Related Claims"), shall be settled exclusively by final and binding arbitration. Arbitration is administered by the American Arbitration Association ("AAA") under these Solutions InSTORE Early Dispute Resolution Rules and Procedures and the employment arbitration portion of the AAA's Employment Arbitration Rules and Mediation Procedures. Arbitration is held before a neutral, third-party Arbitrator. The Arbitrator is selected in accordance with these Solutions InSTORE Early Dispute Resolution Rules and Procedures. If there are any differences between the Solutions InSTORE Early Dispute Resolution Rules and Procedures and the employment arbitration portion of the AAA's Employment Arbitration Rules and Mediation Procedures, the Solutions InSTORE Early Dispute Resolution Rules and Procedures shall apply.

Arbitration shall apply to any and all such disputes, controversies or claims whether asserted by the Associate against the Company and/or against any employee, officer, director or alleged agent of the Company. Arbitration shall also apply to any and all such civil disputes, controversies or claims asserted by the Company against the Associate.

All unasserted employment-related claims as of January 1, 2007 arising under federal, state or local statutory or common law, shall be subject to arbitration. Merely by way of example, Employment-Related Claims include, but are not limited to, claims arising under the Age Discrimination in Employment Act (ADEA), Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), the Family and Medical Leave Act (FMLA), the Fair Labor Standards Act (FLSA), 42 U.S.C. § 1981, including amendments to all the foregoing statutes, the Employee Polygraph Protection Act, state discrimination statutes, state statutes, and/or common law regulating employment termination, misappropriation, breach of the duty of loyalty, the law of contract or the law of tort; including, but not limited to, claims for malicious

prosecution, wrongful discharge, wrongful arrest/wrongful imprisonment, intentional/negligent infliction of emotional distress or defamation.

Claims by Associates that are required to be processed under a different procedure pursuant to the terms of an employee pension plan or employee benefit plan shall not be subject to arbitration under Step 4. Claims by Associates for state employment insurance (e.g., unemployment compensation, workers' compensation, worker disability compensation) or under the National Labor Relations Act are also not subject to Arbitration under Step 4. Statutory or common law claims made outside of the state employment insurance system alleging that the Company retaliated or discriminated against an Associate for filing a state employment insurance claim, however, shall be subject to arbitration.

Nothing in these Solutions InSTORE Early Dispute Resolution Rules and Procedures prohibits an Associate from filing at any time, a charge or complaint with a government agency such as the EEOC. However, upon receipt of a right to sue letter or similar administrative determination, the Associate's claim becomes subject to arbitration as defined herein.

### Article 3 – Dismissal/Stay of Court Proceeding

By agreeing to arbitration, the Associate and the Company agree to resolve through arbitration all claims described in or contemplated by Article 2 above. This means that neither the Associate nor the Company can file a civil lawsuit in court against the other party relating to such claims. If a party files a lawsuit in court to resolve claims subject to arbitration, both agree that the court shall dismiss the lawsuit and require the claim to be resolved through the Solutions InSTORE program.

If a party files a lawsuit in court involving claims that are, and other claims that are not, subject to arbitration under Step 4, such party shall request the court to stay litigation of the nonarbitrable claims and require that arbitration take place with respect to those claims subject to arbitration, assuming the earlier steps have been exhausted. The Arbitrator's decision on the arbitrable claims, including any determinations as to disputed factual or legal issues, shall be entitled to full force and effect in any later court lawsuit on any nonarbitrable claims.

### Article 4 – Effective Date

As to any Individuals Covered (as defined in Article 1), the Solutions InSTORE program is effective January 1, 2007.

**Article 5 – Time Limit to Initiate Arbitration**

Arbitration must be initiated in accordance with the time limits contained in the applicable law's statute of limitations. The period of time elapsed during which the Associate pursued his or her claims under Steps 1-3 of this Program is added on to the applicable limitations period.

**Article 6 – Commencement of Arbitration**

To initiate arbitration, the Associate or Company must give written notice to the other party and/or person who is alleged to be liable in the dispute ("Claimant"). Notice to the Company must be given to the Office of Solutions InSTORE.

Notice to the Associate must be given by mailing to the Associate's last known home address.

The notice shall include a statement of the nature of the claim together with a brief description of the relevant facts, the remedies including any amount of damages being sought, and the address which the Claimant will use for the purpose of the arbitration.

Within thirty (30) days after notice of a dispute is given, the other party shall give its response ("Respondent"). The response shall state all available defenses, a brief description of relevant facts and any related counterclaims then known.

Within thirty (30) days after such counterclaims are given, the Claimant shall give Respondent a brief statement of the claimant's defenses to and relevant facts relating to the counterclaims.

Claims and counterclaims may be amended before selection of the arbitrator and thereafter with the arbitrator's consent. Notices of defenses or replies to amended claims or counterclaims shall be delivered to the other party within the thirty (30) days after the amendment.

**Article 7 – Selection of an Arbitrator**

Both the Company and the Associate shall participate equally in the selection of an Arbitrator to decide the arbitration. After receiving and/or filing an Arbitration Request Form, the Solutions InSTORE Program Manager shall ask the American Arbitration Association to provide the Company and the Associate a panel of seven (7) neutral arbitrators with experience deciding employment disputes.

The Company and the Associate then shall have the opportunity to review the background of the arbitrators by examining the materials provided by the American Arbitration Association. Within seven (7) calendar days after the panel composition is received, the Associate and the Company shall take turns striking unacceptable arbitrators from the panel until only one remains. The Associate and the Company will inform the American Arbitration Association of the remaining arbitrator who will decide the dispute. However, if both parties agree that the remaining arbitrator is unacceptable, a second panel will be requested from the American Arbitration Association and the selection process will begin again. If both parties agree no one on the second panel is acceptable, either party may request the American Arbitration Association to simply appoint an Arbitrator who was not on either panel.

**Article 8 – Time and Place of Arbitration**

The arbitration hearing shall be held at a location within fifty (50) miles of the Associate's last place of employment with the Company, unless the parties agree otherwise. The Parties and the Arbitrator shall make every effort to see that the arbitration is completed, and a decision rendered, as soon as possible. There shall be no extensions of time or delays of an arbitration hearing except in cases where both Parties consent to the extension or delay, or where the Arbitrator finds such a delay or extension necessary to resolve a discovery dispute or other matter relevant to the arbitration.

**Article 9 – Right to Representation**

Both the Associate and the Company shall have the right to be represented by an attorney. If the Associate elects not to be represented by an attorney during the arbitration proceedings, the Company will not have an attorney present during the arbitration proceedings.

**Article 10 – Discovery**

   **a. Initial Disclosure**

   Within fourteen (14) calendar days following the appointment of an Arbitrator, the Parties shall provide each other with copies of all documents upon which they rely in support of their claims or defenses. However, the parties need not provide privileged documents that are protected from disclosure because they involve attorney-client, doctor-patient or other legally privileged or protected communications or materials. Throughout the discovery phase, each party shall provide the other party with any and all such documents relevant to any claim or defense.

Upon written request, the Associate shall be entitled to a copy of all documents (except privileged documents as described above) in the Associate's "PERSONNEL FILE."

**b. Other Discovery**

### i. Interrogatories/Document Requests

Each party may propound one (1) set of twenty (20) interrogatories (including subparts) to the other party. Interrogatories are written questions asked by one party to the other, the recipient must answer under oath. Such interrogatories may include a request for all documents upon which the responding party relies in support of its answers to the interrogatories. Answers to interrogatories must be served within twenty-one (21) calendar days of receipt of the interrogatories.

### ii. Depositions

A deposition is a statement under oath that is given by one party in response to specific questions from the other party. It is usually recorded or transcribed by a court reporter. Each party shall be entitled to take the deposition of up to three (3) relevant individuals of the party's choosing. he party taking the deposition shall be responsible for all associated costs, such as the cost of a court reporter and the cost of a transcript.

### iii. Additional Discovery

Upon the request of any party and a showing of appropriate justification, the Arbitrator may permit additional relevant discovery, if the Arbitrator finds that such additional discovery is not overly burdensome, and will not unduly delay the conclusion of the arbitration.

**c. Discovery Disputes**

The Arbitrator shall decide all disputes related to discovery. Such decisions shall be final and binding on the parties. In ruling on discovery disputes, the arbitrator need not follow but may consult the discovery rules contained in the Federal Rules of Civil Procedure.

**d. Time for Completion of Discovery**

All discovery must be completed within ninety (90) calendar days after the selection of the Arbitrator, except for good cause shown as determined by the Arbitrator. In order to expedite the arbitration, the parties may initiate discovery prior to the appointment of the Arbitrator.

### Article 11 – Hearing Procedure

#### a. Witnesses

Witnesses shall testify under oath, and the Arbitrator shall afford each party a sufficient opportunity to examine its own witnesses and cross-examine witnesses of the other party. Either party may issue subpoenas compelling the attendance of any other person necessary for the issuing party to prove its case.

##### i. Subpoenas

A *subpoena* is a command to an individual to appear at a certain place and time and give testimony. A *subpoena* also may require that the individual bring documents when he or she gives testimony. To the extent authorized by law, the Arbitrator shall have the authority to enforce and/or cancel such subpoenas. *Subpoenas* must be issued no less than ten (10) calendar days before the beginning of an arbitration hearing or deposition.

The party issuing the *subpoena* shall be responsible for the fees and expenses associated with the issuance and enforcement of the subpoena, and with the attendance of the subpoenaed witness at the arbitration hearing.

##### ii. Sequestration

The Arbitrator shall ensure that all witnesses who testify at the arbitration are not influenced by the testimony of other witnesses. Accordingly, unless the Arbitrator finds cause to proceed in a different fashion, the Arbitrator shall sequester all witnesses who will testify at the arbitration, however, the Arbitrator shall permit the Associate involved in the arbitration and the Company's designated representative to remain throughout the arbitration, even though they may or may not testify at the hearing.

#### b. Evidence

The parties may offer evidence that is relevant and material to the dispute and shall produce any and all non-privileged evidence that the Arbitrator deems necessary to a determination of the dispute. The Arbitrator need not specifically follow the Federal Rules of Evidence, although they may be consulted to resolve questions regarding the admissibility of particular matters.

**c. Burden of Proof**

Unless the applicable law provides otherwise, the party requesting arbitration or the party filing a counterclaim has the burden of proving a claim or claims by a preponderance of the evidence. To prevail, the party bringing the arbitration must prove that the other's conduct was a violation of applicable law.

**d. Briefing**

Each party shall have the opportunity to submit one (1) dispositive motion, one (1) pre-hearing brief, and one (1) post-hearing brief, which is a written statement of facts and law, in support of its position. Submission of such briefs is not required, however, briefs shall be typed and shall be limited in length to twenty (20) double-spaced pages.

**e. Transcription**

The parties may arrange for transcription of the arbitration by a certified reporter. The party requesting transcription shall pay for the cost of transcription.

**f. Consolidation**

  **i. Claims**

  The Arbitrator shall have the power to hear as many claims as a Claimant may have consistent with Article 2 of these Solutions InSTORE Early Dispute Resolution Rules and Procedures.

  The Arbitrator may hear additional claims that were not mentioned in the Arbitration Request Form. To add claims, the Claimant must notify the other party at least thirty (30) calendar days prior to a scheduled arbitration. The additional claims must be timely, under the applicable law, as of the date on which they are added. The other party must not be prejudiced in its defense by such addition.

  **ii. Parties**

  The Arbitrator shall not consolidate claims of different Associates into one (1) proceeding. Nor shall the Arbitrator have the power to hear an arbitration as a class or collective action. (A class or collective action involves representative members of a large group, who claim to share a common interest, seeking relief on behalf of the group).

**g. Confidentiality**

All aspects of an arbitration pursuant to these Solutions InSTORE Early Dispute Resolution Rules and Procedures, including the hearing and recording of the proceeding, shall be confidential and shall not be open to the public. The only exceptions are : (i) to the extent both parties agree otherwise in writing; (ii) as may be appropriate in any subsequent proceeding between the parties: or (iii) as may otherwise be appropriate in response to a governmental agency, legal process, or as required by law.

All settlement negotiations, mediations, and any results shall be confidential.

**Article 12 – Substantive Choice of Law**

The Arbitrator shall apply the substantive law, including the conflicts of law, of the state in which the Associate is or was employed. For claims or defenses arising under or governed by federal law, the Arbitrator shall follow the substantive law as set forth by the United States Supreme Court. If there is no controlling United States Supreme Court authority, the Arbitrator shall follow the substantive law that would be applied by the United States Court of Appeals and the United States District Court for the District in which the Associate is or was employed.

**Article 13 – Arbitrator Authority**

The Arbitrator shall conduct the arbitration. The arbitrator shall have the authority to render a decision in accordance with these Solutions InSTORE Early Dispute Resolution Rules and Procedures, and in a manner designed to promote rapid and fair resolution of disputes.

The Arbitrator's authority shall be limited to deciding the case submitted by the party bringing the arbitration. Therefore, no decision by any Arbitrator shall serve as precedent in other arbitrations.

The arbitration procedure contained herein does not alter the Associate's employment status. The status remains alterable at the discretion of the Company and/or terminable at any time, at the will of either the Associate or the Company, with or without cause or prior notice. Accordingly, the Arbitrator shall have no authority to alter the Associate's employment status by, for example, requiring that the Company have "cause" to discipline or discharge an Associate. Nor may the arbitrator otherwise change the terms and conditions of employment of an Associate unless required by federal, state or local law, or as a remedy for a violation of applicable law by the Company with respect to the Associate.

The Arbitrator shall have the power to award sanctions against a party for such party's failure to comply with these Solutions InSTORE Early Dispute Resolution Rules and Procedures or with an order of the Arbitrator. These sanctions may include assessment of costs or prohibitions of evidence. If justified by a party's wanton or willful disregard of these Solutions InSTORE Early Dispute Resolution Rules and Procedures, the Arbitrator may award the sanction of an adverse ruling in the arbitration against the party who has failed to comply.

**Article 14 – Award**

Within thirty (30) calendar days after the later of the close of the hearing or the receipt of post-hearing briefs, if any, the Arbitrator shall mail to the parties a written decision. The decision shall specify appropriate remedies, if any, if a violation of law is found. If the Associate's claim arises under federal or state statutory law, the award should include findings of fact and conclusions of law; otherwise, the inclusion of such findings and conclusion is at the Arbitrator's discretion. The parties to an arbitration shall be provided with a copy of the Arbitrator's award.

**Article 15 – Fees and Expenses**

**a. Costs Other Than Attorney Fees**

**i. Definitions**

Costs of an arbitration include the daily or hourly fees and expenses (including travel) of the Arbitrator who decides the case, filing or administrative fees charged by the AAA, the cost of a reporter who transcribes the proceeding, and expenses of renting a room in which the arbitration is held. Incidental costs include such items as photocopying or the costs of producing witnesses or proof.

**ii. Filing Fee/Costs of Arbitration**

An Associate initiating arbitration shall pay the cost of arbitration up to a maximum of the least of one (1) day's base pay or One Hundred Twenty-Five Dollars ($125), whichever is less. Upon filing the request for arbitration, the Associate shall remit such fee. The Company shall pay the remainder of the costs of the arbitration. The Company shall pay the entire filing fee should it initiate arbitration. Except as provided below, each party shall pay its own incidental costs, including attorney's fees.

The AAA has developed guidelines for waiving administrative fees. This Plan is subject to those guidelines.

**b. Reimbursement for Legal Fees or Costs**

The program does not infringe on either party's right to consult with an attorney at any time. In fact, the Company will reimburse an Associate for this legal consultation and/or representation during Step 4 of the program, at a maximum benefit of Two Thousand Five Hundred Dollars ($2,500) per Associate in a rolling twelve (12) month period. If the Associate is not represented by counsel, the Company will reimburse an Associate for incidental costs up to a maximum of Five Hundred Dollars ($500) per Associate in a rolling twelve (12) month period. The Associate will not be entitled to such reimbursement by the Company if the Arbitrator determines the arbitration claim by the Associate was frivolously filed. Any reimbursement to the Associate will occur following the conclusion of the proceedings upon submission of the Associate's bills for costs of legal services or incidental costs.

**c. Shifting of Costs**

If the Associate prevails in arbitration, whether or not monetary damages or remedies are awarded, the filing fee shall be refunded to the Associate. The Arbitrator may (based on the facts and circumstances) also require that the Company pay the Associate's share of the costs of arbitration and incidental costs.

**Article 16 – Remedies and Damages**

Upon a finding that a party has sustained its burden of persuasion in establishing a violation of applicable law, the Arbitrator shall have the same power and authority as would a judge to grant any relief, including costs and attorney's fees, that a court could grant, in conformance with applicable principles of common, decisional and statutory law in the relevant jurisdiction.

**Article 17 – Settlement**

The parties may settle their dispute at any time without involvement of the Arbitrator.

**Article 18 – Enforceability**

The arbitration agreement, the arbitration proceedings, and any award rendered pursuant to them shall be interpreted under, enforceable in accordance with, and subject to the Federal Arbitration Act, 9 U.S.C. § 1, et seq. regardless of the state in which the arbitration is held or the substantive law applied in the arbitration. If for any reason the Federal Arbitration Act is inapplicable to enforce this agreement, the Parties agree it will be enforced under the governing state arbitration statute(s).

**Article 19 – Appeal Rights**

The decision rendered by the Arbitrator shall be final and binding as to both the Associate and the Company. Either party may appeal the Arbitrator's decision to a court in accordance with the provisions of the Federal Arbitration Act, 9 U.S.C. § 1, et seq.

**Article 20 – Severability/Conflict with Law**

In the event that any of these Solutions InSTORE Early Dispute Resolution Rules and Procedures are held to be unlawful or unenforceable, the conflicting rule or procedure shall be modified automatically to comply with applicable law.

In the event of an automatic modification with respect to a particular rule or procedure, the remainder of these rules and procedures shall not be affected. An automatic modification of one of these rules or procedures shall apply only in regard to the particular jurisdiction and dispute in which the rule or procedure was determined to be in conflict with applicable law. In all other jurisdictions and disputes, these Solutions InSTORE Early Dispute Resolution Rules and Procedures shall apply in full force and effect.

**Article 21 – Cancellation or Modification of Dispute Resolution Rules and Procedures or Program**

The Company may alter these Solutions InSTORE Early Dispute Resolution Rules and Procedures or cancel the program in its entirety upon giving thirty (30) days written notice to Associates. If such notice is not provided to an Associate, the Solutions InSTORE Early Dispute Resolution Rules and Procedures that covered the Associate prior to the modification or cancellation shall govern.

**Office of Solutions InSTORE**
Federated Department Stores
7 West Seventh Street
Cincinnati, OH 45202
Toll Free Number: 866-285-6689
Email: solutions.instore@fds.com