# EXHIBIT B



Solutions
In•STORE
Early Resolution
Positive Workplace





# early dispute
# resolution

Macy's, Inc.





NOTICE OF AN ADMINISTRATIVE CHANGE TO STEP 2 PROCESS ONLY
Due to the My Macy's reorganization, the Step 2 – Review by the Office of Senior Human Resources Management and the divisional SVP of Human Resources no longer exist at the stores (exception: Bloomingdale's and Support entities).  As a result, effective May 26, 2009, all Step 2 requests for review will be managed by Corporate Associate Relations.  Depending on whether you work at a store or a support division, your Step 2 claim will be referred to a Regional Vice President of Associate Relations or to the Senior Vice President of Human Resources.  This executive, or a designee who was not involved at Step 1, will conduct an impartial investigation.  All references in the Solutions InSTORE Plan Document, brochures, website or other materials to the Office of Senior Human Resources Management generally and the SVP of Human Resources with regard to Macy's stores should be replaced with the Office of Senior Human Resources Executive.  In all other regards, the Step 2 process remains unchanged.

Effective May 26, 2009, your written Step 2 claims should be mailed to:
Macy's
Manager of Step 2 Claims
P.O. Box  5355
Cincinnati, OH 45201-5355

Dear Associate:

Welcome to Macy's, Inc.!

I am excited that you have joined our team and am looking forward to the expertise you will bring to your new position and the innovative ideas you will contribute to our Company.

Here at Macy's, Inc. we are committed to providing a positive work environment – a workplace that people enjoy and are proud to come to each and every day. At Macy's, we actively look for ways to encourage a positive atmosphere – to create a workplace that our associates can benefit from…one that is friendly, fun and **fair**.

To achieve this, we have embraced an "Open Door" culture. Simply put, *we are committed* to **listening** to you. You are encouraged to share what is on your mind with your management team - many of our best ideas have come from our associates. The "Open Door" for our associates not only includes the opportunity to share unique perspectives, but also work-related concerns, should they arise.

"Open Door" is not only a culture at Macy's, it is the first step in a Program called **Solutions InSTORE**. Solutions InSTORE is the process we use to get work-related concerns resolved. Our associates enjoy the opportunity to speak openly with their managers and expect and deserve thoughtful and complete responses. Solutions InSTORE offers a structured way to resolve any concern, large or small.

What makes **Solutions InSTORE** so outstanding? Our employees have told us that they appreciate the opportunity to resolve issues **quickly** - and in a fair manner.

Please spend the time it takes to review this Brochure about **Solutions InSTORE**. I'm confident that the more you learn about it, the more you'll agree – it's a smart way to resolve concerns and a valuable benefit for all of us at Macy's.

So, welcome to Macy's … welcome to your new work environment …
Welcome to **Solutions InSTORE**.

Sincerely,

*Terry*

Terry J. Lundgren



# Early Resolution,
## Positive Work Place

**A** t Macy's, we believe in building strong work relationships. These relationships allow us to learn from each other, give us a sense of community and greatly contribute to our job satisfaction. But just like at home, we need to take care of our relationships. That means when we have disagreements at work, we give them our immediate attention. Left unresolved, these conflicts can damage relationships, distract us from doing our jobs and occasionally even lead to costly and upsetting litigation. That's why we are proud to share with you our Early Dispute Resolution program. This program, called Solutions InSTORE, is a four-step process that gives us a positive way to solve workplace disputes. It provides additional steps, as needed, to encourage problem solving at the earliest possible level.





# Solutions InSTORE



## Program Steps:



4 — ARBITRATION

3 — REQUEST FOR RECONSIDERATION

OFFICE OF SOLUTIONS INSTORE

PEER PANEL

2 — OFFICE OF YOUR SENIOR HUMAN RESOURCES MANAGEMENT

1 — OPEN DOOR

## KEY POINTS:

**1:** *Steps 1 and 2 are available for all kinds of workplace disputes, big or small (see page 6 for examples).*

**2:** *You drive the process – the Company is bound by the decision at every step, but you decide whether you are satisfied or would like to proceed to the next step.*

**3:** *Only the more serious kinds of disputes (that would otherwise be considered in a court of law), such as wrongful termination, can be advanced to Steps 3 or 4.*

**4:** *If you take your dispute all the way to Step 4, you and the Company are bound by the decision of the independent arbitrator.*

**5:** *Respect for your privacy and confidentiality are key features of this program. With Solutions InSTORE, you can be certain that the issue will remain confidential. Only those with a business need to know will be involved.*

**Step 1: Open Door** – an informal way to discuss your problem with your supervisor or any other member of your local management team (e.g., Store or Facility Manager, HR Representative).

**Step 2: Office of Your Divisional Senior Human Resources Management** – a written complaint sent to your division's most senior Human Resources office where it is reviewed by an HR professional who was not previously involved in the Open Door decision.

**Step 3: Request for Reconsideration** – a formal review of eligible claims using one of the following two features *(both are impartial and independent of your division management):*

• **Peer Panel:** A panel of people in similar positions to you ("peers") within your division, or

• **Office of Solutions InSTORE:** An executive who works with the Solutions InSTORE office, located in Cincinnati, Ohio.

**Step 4: Arbitration** – A formal review of your complaint, similar to a court proceeding, but decided by an independent "arbitrator" who is approved by the American Arbitration Association (AAA), and is not an employee of our Company.

# For the Benefit of All



**W**ith Solutions InSTORE, we have a program that reinforces the value of each Associate as well as the importance of really listening to each other and understanding our different points of view. As always, we want to provide the very Best Work Environment. When we designed the program originally, we talked to many leading companies that have introduced successful ways to resolve workplace disputes. We learned that there are many time-tested programs out there and each one is a little different. Finally, we studied our own employee population and designed the steps that we thought would work best for our diverse workforce.

For a company of our size, we are fortunate to have very few employment-related lawsuits. However, in those rare instances when one does occur, it is almost always disruptive, time-consuming and costly for everyone involved. We would much rather see our Company's resources used more productively on programs that benefit all our Associates.

### HERE'S WHY THIS SPECIAL PROGRAM BENEFITS YOU, OUR COMPANY AND OUR CUSTOMERS:

**IT'S FAIR.**
Solutions InSTORE offers you multiple opportunities to have your dispute heard by a third party – some are close to your situation and others are more removed. You decide whether to accept the outcome of each step or move to the next one – as long as it's appropriate for your type of dispute.

**IT PRESERVES WORK RELATIONSHIPS.**
By creating a way for everyone to work out differences respectfully, Solutions InSTORE lets you build solid relationships and grow in your job.

**IT KEEPS YOU MORE SATISFIED WITH YOUR WORK EXPERIENCE.**
Hopefully, if you have good work relationships with your manager and coworkers and the opportunity to learn new skills, you will continue to stay happily employed in our Company.



**IT'S QUICK.**
There are timing guidelines at each step so disputes shouldn't drag on. You always get answers to your questions, and the process is designed to move your dispute along quickly.

**IT'S LESS EXPENSIVE FOR YOU AND THE COMPANY.**
Even if your dispute ends up in arbitration, you pay only a small percentage of the arbitration costs. And, if the arbitrator rules in your favor, the Company pays 100% of all arbitration costs. There is even legal financial assistance available to you from the Company. For both you and the Company, Solutions InSTORE is much less costly than arguing a case in court.

**IT'S CONFIDENTIAL.**
Everyone involved in Solutions InSTORE is committed to keeping all disputes confidential. This means we involve only those with a business need to know.

**IT'S FREE OF RETALIATION.**
Retaliation, in any form, is something the Company will not tolerate. You can count on it!

**Step One:**

# Open Door

**O** pen Door is the starting point for most disputes. In the majority of cases, it will also be the ending point – where your concerns are discussed and resolved to your satisfaction.

Under the Open Door, you are encouraged to discuss your situation with your supervisor since he or she usually knows you the best and can most likely resolve your concern. If you feel more comfortable, you can discuss your concern with another member of local management (for example, another member of your management team like your Store or Facility Manager or your Human Resources Representative).

Open Door is usually successful because we are problem-solving at a very early stage and you have access to supervisors and managers who know you and understand your issues.

If this process does not work for you, for whatever reason, you may proceed to Step 2 by submitting a written request to the office of your Senior Human Resources Management in your division's corporate office.

## How Step 1 Works:



**BRING DISPUTE TO SUPERVISOR OR OTHER MEMBER OF YOUR MANAGEMENT TEAM**

**SUPERVISOR RESPONDS**

**IF NOT SATISFIED, GO TO STEP 2**

You bring your dispute to your supervisor or to a member of your local Human Resources or management team

Supervisor/Human Resources management responds verbally back to you in a reasonable time frame

If you are not satisfied with the response, you can go to Step 2

**KEY POINTS:**

*What's Covered Under
Steps 1 & 2 of
Solutions InSTORE*

*All kinds of issues –
big or small –
including:*

• *Disputes about
vacation time or
absences from work*

• *Pay disputes and
performance issues*

• *Personality conflicts
that affect job
performance*

• *Concerns about
discrimination or
sexual harassment*

• *Performance
concerns and
termination*

# Office of Your Senior Human Resources Management

**S** tep 2 still takes place within your division but it is more formal than Open Door. In this step, your dispute is referred to your division's most Senior Human Resources professionals for a thorough review.

## How Step 2 Works:

**COMPLAINT REFERRED TO APPROPRIATE HR EXECUTIVE**

**MAKE A WRITTEN COMPLAINT TO DIVISION'S SENIOR HR MANAGEMENT**

**HR EXECUTIVE COMPLETES INVESTIGATION AND PREPARES A RESPONSE**

**IF NOT SATISFIED, GO TO STEP 3**

You make a written complaint to your division's Senior Human Resources Management within 30 days of the Open Door decision

Your complaint is referred to an appropriate Human Resources executive who was not involved in your Step 1 decision

A Human Resources executive completes the investigation and prepares a response to you

If you are not satisfied, you can proceed to Step 3 as long as your dispute could be considered in a court of law, for example, in cases of perceived discrimination or harassment

# Request for Reconsideration

**I**f you're not satisfied with the results of Step 2 and your claim could otherwise be considered in a court of law, you may proceed to Step 3 — Request for Reconsideration. In this step, you have two very different features to consider for your claim. Call the Solutions InSTORE office to make arrangements for your request to be handled by the most appropriate process, either:

REVIEW BY A PEER PANEL **OR** REVIEW BY THE OFFICE OF SOLUTIONS INSTORE

## KEY POINTS:

*Employees who volunteer and meet the criteria to become a member of the peer panelist team for their location or region, receive specialized training when they are randomly selected to serve on a panel. This training gives panelists confidence in their role and prepares them with the skills needed to make the most appropriate decision when determining a response to a claim.*

### REVIEW BY A PEER PANEL

The Peer Review process gives you a chance to take your case to a panel of people just like you. Because peer panelists are generally from your location or region and have similar jobs, they are uniquely qualified to understand your dispute. The panel usually includes three volunteer panelists (two at your level and one at the next higher level) and one facilitator who helps direct the process, but does not vote on the outcome of the claim. The Company is so confident that these Associates will look at your situation with care and use good judgment that it is willing to abide by the panel's decision.

The Peer Panel process is available for most disputes related to:
• an Associate's final phase of written commitment to change or improve a performance issue, or
• termination of employment

Exceptions include claims related to layoffs, harassment, and discrimination – claims that would benefit from a review by a trained professional. Step 3 claims like these are directed for review by an executive of the Office of Solutions InSTORE.

## How Step 3 Works:

**CONTACT SOLUTIONS INSTORE OFFICE**



**SELECT EITHER PEER REVIEW OR REVIEW BY THE OFFICE OF SOLUTIONS INSTORE**

**REVIEW IS CONDUCTED**



**IF NOT SATISFIED, GO TO STEP 4**

| You contact the Solutions InSTORE office | With the help of the Solutions InSTORE office, determine which Step 3 feature, Peer Review or Review by the Office of Solutions InSTORE is appropriate for your claim | The review is conducted either by a Peer Panel or by the Office of Solutions InSTORE | While the Company is bound by the decision, if you are not satisfied with the results of this process, you can proceed to Step 4 |



## KEY POINTS:

**1:** *Any type of dispute that could be heard in a court of law, including if you feel you were overlooked for a promotion or discriminated against because of race or age; or if you believe you've been the subject of sexual harassment, or terminated improperly is appropriate for Steps 3 and 4.*

**2:** *The staff of the Office of Solutions InSTORE, (which is located in Cincinnati, Ohio) is available to assist you should your claim proceed to Steps 3 and 4 of the Solutions InSTORE program. When calling, you can speak confidentially to a professional who can answer questions or provide information about the program and how it works.*

### REVIEW BY OFFICE OF SOLUTIONS INSTORE

If at Step 3 you prefer your claim to be heard by an employee relations professional, or if it falls outside of what can be reviewed by a Peer Panel, you may take it to the Macy's Corporate Office of Solutions InSTORE. The program manager of Solutions InSTORE is responsible for conducting a thorough investigation, gathering information from you and other witnesses involved in your situation. You will receive a decision in writing within a reasonable time frame from the day your complaint is received, generally within 45 days. If you are not satisfied with the decision, you may proceed to Step 4.

### MORE ABOUT THE OFFICE OF SOLUTIONS INSTORE

When deciding to file a claim at Step 3, you will speak to a member of the Office of Solutions InSTORE who will help you decide which Step 3 feature(s) applies to your claim. Once you determine between the Peer Panel or Review by the Office of Solutions InSTORE, a member of the Solutions InSTORE staff will guide you through the process to ensure your claim receives the proper review.

If you receive a decision for your Step 3 claim that you are still not satisfied with, the Solutions InSTORE staff will also help guide you through Step 4 – Arbitration.

**For assistance with a Step 3 claim, you can contact the Office of Solutions InSTORE by calling 1-866-285-6689.**

## Step Four:

**KEY POINTS:**

*The American Arbitration Association (AAA) is a highly-regarded, non-profit organization that offers a wide range of dispute resolution services to private individuals, businesses, associations and all levels of government. AAA is the largest provider of early dispute resolution services in the United States.*

# Arbitration

**I**f you are not satisfied with the results of Step 3, you may proceed to Step 4 — Arbitration, a process outside of and independent from the Company. This is the last step in the Solutions InSTORE program.

Arbitration is a lot like a court proceeding, but it's less formal, less time-consuming and less expensive. Even so, many of the same processes will take place — including presenting evidence and hearing witnesses. What's different is that an arbitrator from the American Arbitration Association (who is like a judge), makes the final decision rather than a jury.

## How Arbitration Works:



**MAKE A WRITTEN REQUEST FOR ARBITRATION**

**YOU AND COMPANY AGREE ON AN ARBITRATOR**

**ARBITRATION SESSION HELD**

**DECISION IS FINAL FOR EVERYONE**

| | | | |
|---|---|---|---|
| You make a written request for arbitration to the Office of Solutions InSTORE within 30 days of Step 3 decision | You and the Company agree on an arbitrator | Arbitration session is usually held within 90 days of arbitrator selection | The arbitrator's decision is final and binding for everyone |

**MONETARY AWARDS** – The arbitrator can award the same damages available in a court of law – and if the decision is in your favor, **you** receive the benefits, not your lawyer.

**LEGAL COUNSEL** – You may wish to have an attorney present at arbitration. The Solutions InSTORE program will reimburse you for up to $2,500 in a rolling calendar year for attorney costs related to arbitration. You can use this money to consult an attorney to see if you should bring your claim to arbitration or for the actual cost of having one present at the proceeding. If you don't bring an attorney to arbitration, the Company won't either. In this case, Solutions InSTORE will pay up to $500 of the expenses you may incur in preparing and presenting your claim.

**ARBITRATION COSTS** – Arbitration costs are separate from attorney costs. You'll pay a portion of the arbitration costs (filing fee) up to a maximum of $125. And, if the arbitrator rules in your favor, the Company will reimburse you for your portion of the filing fee.

Taking your claim to arbitration is like taking your claim to a court of law. The same remedies are available to you as in a court of law, however, when you agree to arbitrate instead of taking your claim to court, Solutions InSTORE has several other advantages and benefits for you.

| | STEP 4: arbitration | court of law (national perspective) |
|---|---|---|
| **WHO HEARS MY CLAIM?** | An independent arbitrator from outside the Company, specially qualified to hear employment related disputes. For example, retired judges may serve in this role. | A judge who may not specialize in employment law or jury who is completely unfamiliar with and has no specific training in employment law. |
| **HOW QUICKLY CAN MY DISPUTE BE RESOLVED?** | Most arbitration processes take less than 12 months to complete, from filing to hearing. That means you will be able to have a final resolution much faster. | In a court of law, your claim will typically take much longer to resolve. Nationwide, employment cases often last from 1 to 5 years, depending on the facts. |
| **WHAT IS THE COST TO FILE A CLAIM?** | A percent of your pay, however, in no case will you pay more than $125. | The current fee to file your claim in federal district court is $350, and if further appeals are required additional fees apply. Many state courts have filing fees of $150 or more. |
| **DO I GET ANY KIND OF LEGAL FINANCIAL BENEFIT?** | You can receive up to $2,500 per rolling calendar year. | None |
| **AM I REQUIRED TO HAVE AN ATTORNEY?** | No, but you can if you want. It is your choice. The tone of an Arbitration proceeding is much less formal than a court of law, even though it can have the same results. Many employees choose to represent themselves. And if you choose not to bring an attorney, the Company won't either. | While you can represent yourself in a court of law, the legal system is much more formal and complex, often requiring you to obtain legal representation to manage through the system. |

# Step Four: the decision is yours

Your Solutions InSTORE enrollment period will be your opportunity to decide whether you want to receive all four steps of this program. You are automatically covered by Step 4 unless you choose to exclude yourself. When covered by Step 4 final and binding arbitration, you and the Company agree to use arbitration as the sole and exclusive means to resolving any dispute regarding your employment; we both waive the right to civil action and a jury trial. If you decide you want to be excluded from participating in and receiving the benefits of Step 4, we need you to tell us in writing by completing the form enclosed in this brochure and returning it to the Office of Solutions InSTORE at the address provided within 30 days of your hire date. In this case, Steps 1-3 will continue to apply to you – you will no longer, however, be eligible for the benefits available under the Step 4: Arbitration process.

Choosing to be covered by Step 4 is your decision. We urge you to read the Plan Document and educate yourself about the benefits and limitations of arbitration to make an informed decision that's best for you. There are many sources of information and opinions about arbitration. One excellent source of information is the AAA website, which you can access at www.adr.org.

At Macy's, we have a special community - and anytime you have a problem at work, it matters. You deserve respect, attention and a clear, unbiased process to help resolve your problems – quickly and fairly. That's Solutions InSTORE.

More specific details are in the program's Plan Document, which is included here. You should read it. A copy of the Plan Document can also be obtained through www.employeeconnection.net, a request to your local human resources representative, an email sent to solutions.instore@macys.com or by calling the Office of Solutions InSTORE at 1-866-285-6689.

# things to consider about arbitration

In our view:

- Many companies are adopting dispute resolution programs which include arbitration.
- Court dockets are extremely crowded. The vast majority of lawsuits never get to trial. Arbitration can provide better access to justice for individual employee claims that are not economical for an attorney to take to court.
- Arbitration is faster, cheaper and more satisfying for parties than traditional litigation.

| | Step 4 arbitration | vs | Litigation (national perspective) |
|---|---|---|---|
| LENGTH OF TIME TO A FINAL HEARING (ASSUMING CASE GOES TO FINAL HEARING) | Plan provides for about a 130 day maximum, if the parties promptly select an arbitrator who can take the case on schedule. | vs | Can range from 1-5 years in many jurisdictions. |
| COMPANY COST | On average, approximately $14,000 per arbitration. [1] | vs | Companies may spend tens of thousands of dollars on a single individual employment case. |
| EMPLOYEE COST | Filing fee up to one day's pay capped at $125, which is refunded if employee wins. Employee eligible for $2,500 from the Company to help offset attorney costs, or for $500 otherwise. | vs | A minimum filing fee of $350 (Federal District Court), with many state filing fees over $150. No legal financial assistance benefit to help offset attorney fees. |
| CLASS ACTIONS | Not Permitted | vs | Permitted, but they require employees to prove that a class is proper under various legal tests. |

- The American Arbitration Association (AAA) is a not-for-profit agency Macy's chose to oversee the arbitration step of Solutions InSTORE. AAA is the largest provider of arbitration services in the world with more than 75 years of experience and over 2 million disputes administered.

- AAA has been endorsed by the following organizations: American Civil Liberties Union, Federal Mediation and Conciliation Service, and National Academy of Arbitrators. In our opinion, Solutions InSTORE exceeds the AAA's Due Process Protocol.

1 Limited to AAA administration fees, arbitrator costs, and legal stipend or attorney fees incurred as a result of arbitration in actual cases in the Solutions InSTORE program through 12/31/07.

This booklet is a summary of some of the provisions, benefits, and limitations, of the Solutions InSTORE program. You are directed to read the Plan Document for the actual details.

Associates covered under a collective bargaining agreement are not automatically eligible to participate in the Solutions InSTORE program.



# EARLY DISPUTE RESOLUTION
# PROGRAM ELECTION FORM



## RETURN THIS FORM ONLY IF EXCLUDING YOURSELF FROM PARTICIPATION IN THE BENEFITS OF ARBITRATION UNDER SOLUTIONS INSTORE

Macy's, Inc. is pleased to provide our employees the unique benefit of Solutions InSTORE. Solutions InSTORE is our 4-Step early dispute resolution program. It's here for any and all disputes you may have concerning your employment. It provides many opportunities to resolve almost any type of workplace dispute – large or small. Solutions InSTORE is about early resolution, so we can preserve our work relationships and you can enjoy the kind of work environment that supports success.

You are covered by all 4 Steps of the program when you take or continue a job with us. That means that if you have any concerns or claims about working here, Solutions InSTORE is the way to get them resolved. Most disputes are resolved early in the program. In the rare case a concern is not resolved after three review opportunities, Step 4 – Arbitration is available. Issues at Step 4 are resolved by a professional from the American Arbitration Association in an arbitration process, rather than by a judge or jury in a court process.

It is important to review the entire Solutions InSTORE program brochure and Plan Document. These materials came with this form. They describe the features of the program, including its benefits and tradeoffs. They also describe what you need to do if you prefer not to be covered by Step 4 – Arbitration. You can also get information about the program from **www.employeeconnection.net/solutionsinstore**, your local human resources representative, or by calling the Office of Solutions InSTORE toll free at 866-285-6689.

During the 30 days following your hire date, you have the option to exclude yourself from being covered by Step 4 – Arbitration and its benefits. The choice you make will stay in effect for the entire duration of your employment and afterwards. This form serves as an election form if you choose not to be covered by Arbitration. Whether to stay covered by or exclude yourself from Step 4 is your own decision. You should read all information, including the program brochure, the Plan document, and this form, carefully.

Complete and return this form ONLY IF YOU **DO NOT** WANT TO BE COVERED BY THE BENEFITS OF ARBITRATION UNDER SOLUTIONS INSTORE. *In this case, your completed form must be returned to the Office of Solutions InSTORE and postmarked no later than 30 days from your hire date.* Si le gustaría tener este formulario en español, favor de llamar el numero 1-866-285-6689.

Please CLEARLY print all requested information.

Full Name _____     Social Security Number _____

Address _____     Home Phone Number (____) _____

City _____ State _____ Zip _____     Employee ID Number _____

Division Name _____     Store/Work Location Name _____

**[  ] I Decline Step 4 – Arbitration.**
   I have read all the information about Solutions InSTORE and I elect NOT to stay covered by Arbitration.

AUTHORIZATION *I have read and understand the program information. I voluntarily agree that I am waiving the ability to participate in Step 4 of the Solutions InSTORE program. Please keep a copy of this form.*

I _____ on _____ understand that my election as of this date is binding for the
   (Associate Signature)                (Date)
duration of my employment with Macy's, Inc. and after my employment ends.

**If declining to be covered by Step 4 - Arbitration, return your form to:**
**Solutions InSTORE**
**P.O. Box 8083**
**Mason, OH 45040-9853**



# PLAN DOCUMENT

## EARLY DISPUTE RESOLUTION
## RULES AND PROCEDURES

**January 1, 2007**

*If you need any accommodation to help you read and understand this
Solutions InSTORE Plan Document, please call the Office of Solutions InSTORE
at 1-866-285-6689.*

*Si le gustaría tener este Documento del Plan en español,
favor de llamar el numero 1-866-285-6689.*





Macy's, Inc. and its subsidiaries and divisions (the "Company") care about their people. We know that from time to time Associates can have problems at work. And even routine differences can get bigger when there are no resources to help solve them.

In 2004, the Company set out to find a more effective way to resolve workplace disputes. We wanted a way that would benefit everyone involved. Our open door policy was a good place to start. Over the years, the Company has had a policy to help Associates handle problems by working with supervisors and/or Human Resources. To make this policy even better known and improve its effectiveness, the Company added new features. Together with Open Door they became our early dispute resolution program: Solutions InSTORE.

We are convinced that a full internal review of differences is the quickest and most productive way to resolve these disputes. It also maintains good working relationships and avoids unnecessary confrontations. So, Open Door **(Step 1)** continues to be the foundation of our program. It must be used before taking the next step.

If you are not satisfied with the result, you can request to have your issue reviewed by the Office of Senior Human Resources Management **(Step 2)**. The Senior Vice President or another Human Resources executive who was not involved in the Open Door process will review your issue. They'll get back to you in writing. Steps 1 and 2 are available for any disputes relating to your employment with the Company.

If you are not satisfied with the result at Step 2, and you believe your situation involves legally protected rights, you can make a Request for Reconsideration **(Step 3)**. Step 3 gives you the option, depending on the nature of your claim, of two methods to continue to seek resolution. One method is Peer Review. A panel of your peers decides the outcome of your dispute. The other method is review by a representative from The Office of Solutions InSTORE. This office is located in Macy's Employee Relations Department in Cincinnati.

In those relatively rare situations that, for whatever reason, your dispute cannot be resolved at Step 3 and you wish to pursue it further, Solutions InSTORE provides for a private, professional way to resolve it outside the company. You can request Arbitration **(Step 4)**. This process involves an Arbitrator. The Arbitrator is a professional, neutral third-party selected by both you and the Company. After a hearing, the Arbitrator renders a final decision. The decision is binding on both the Company and you. Nothing in the Solutions InSTORE program, however, prevents you from filing, at any time, a charge or complaint with a government administrative agency like the EEOC, for example.

All Associates agree to be covered by Step 4 – Arbitration by accepting or continuing employment with the Company after the Effective Date. Associates are given the option to exclude themselves from Arbitration by completing an election form within the prescribed time frame. Until and unless an Associate elects to be excluded from arbitration within the prescribed time frame, the Associate is covered by Step 4 – Arbitration.

The following pages explain how Solutions InSTORE works.

## Step 1 – Open Door

The Company's open door policy encourages Associates to try to resolve any problems at work with their immediate supervisors. If the Associate is unsatisfied with the immediate supervisor's response or needs to talk to someone other than the supervisor, the Associate may take the problem to the next higher level of supervision. Open Door also provides that the Associate may contact the Human Resources department for advice or assistance at any time.

## Step 2 – Review by the Office of Senior Human Resources Management

If the Associate is not satisfied with the result of Open Door (Step 1), the Associate may go to Step 2. To do that, the Associate files a written request for review with the Office of Senior Human Resources Management within thirty (30) days of the Step 1 decision. The complaint is referred to an appropriate HR executive, one who was not involved at Step 1, who will conduct an impartial investigation. A written decision is then issued generally within forty-five (45) days of receiving the complaint. Along with the decision are instructions for pursuing Step 3 if the Associate is not satisfied with the results of Step 2.

Steps 1 and 2 are available for any disputes relating to your employment at the Company. Steps 3 and 4 are available only for claims involving legally protected rights. "Legally protected rights" means claims the Associate could raise in a court or before an administrative agency.

## Step 3 – Request for Reconsideration

For claims involving legally protected rights,if the Associate is not satisfied with the results of Step 2, the Associate may go to Step 3. To do that, the Associate contacts the Office of Solutions InSTORE within thirty (30) days of the Step 2 decision to file a written Request for Reconsideration. Step 3 involves two features the Associate may consider:

### 1 – Peer Review

Peer Review is available if the Associate's claim involves:
• A final warning or the final phase of written commitment to change or improve a performance issue, or
• Termination of employment,

and does not involve issues claiming harassment, discrimination, a reduction in force, layoff, or alleged statutory violations. If the Associate chooses Peer Review, a representative from The Office of Solutions InSTORE gives the Associate contact information for a division facilitator. The Associate has ten (10) days to contact the facilitator. The facilitator arranges for a panel proceeding. A volunteer panel is assembled to review the Associate's complaint and render a decision. This panel consists of peers from the Associate's level, one (1) from the next level and one (1) non-voting facilitator to manage the process. Numbers of panelists may vary by division, region or location. Panels always consist of at least three (3) voting members. The panel is assembled to review the Associate's complaint. A response is given within five (5) days of the conclusion of the panel proceedings.

A decision of the Peer Review panel that upholds the Associate's claim is final and binding on the Company. If the panel denies the Associate's claim, the Company will let the Associate know the procedures for continuing on to Step 4.

### 2 – Review by the Office of Solutions InSTORE

This feature is available for all claims involving legally protected rights. If the Associate chooses review by the Office of Solutions InSTORE, the Solutions InSTORE Program Manager will send to the Associate a confirmation that the complaint was received. A representative of the Office of Solutions InSTORE then conducts an investigation and provides the Associate with a decision in writing. The decision is generally provided within forty-five (45) days of receiving the complaint. A decision that upholds the Associate's claim is final and binding on the Company. But a decision denying the Associate's claim in any way may be challenged by requesting arbitration under Step 4. If the claim is denied, the company will let the Associate know the procedures for continuing on to Step 4.

## Step 4 – Arbitration Rules and Procedures

### Article 1 – Individuals Covered

This Plan Document applies, as of the Effective Date provided in Article 4, to the following individuals, provided that they are not covered by a collective bargaining agreement with Macy's:

### a. Newly Hired Associates

All Associates hired by Macy's with a first day of employment on or after January 1, 2007.

### b. Covered May Associates

Associates whose employment with Macy's relates to the merger of The MAY Department Stores Company with and into Macy's, Inc. on August 30, 2005 (the "Merger"), as defined in i and ii below:

i. Former MAY Associates continuously employed by Macy's Retail Holdings, Inc., formerly known as The MAY Department Stores Company, between August 30, 2005 and January 1, 2007

ii. Any Associate hired with a first day of employment before January 1, 2007 by a Macy's division or subsidiary or operating unit that was an affiliate of MAY before the Merger (e.g., a store, a distribution center, a call center, etc.)

*"Macy's" means any division or subsidiary or operating unit or entity related to Macy's, Inc.*

All Associates are automatically covered by all 4 steps of the program by taking or continuing a job with the Company. That means that all Associates agree, as a condition of employment, to arbitrate any and all disputes, including statutory and other claims, not resolved at Step 3. However,
Arbitration is a voluntary condition of employment. Associates are given the option of excluding themselves from Step 4 arbitration within a prescribed time frame. Issues at Step 4 are decided by a professional from the American Arbitration Association in an arbitration process, rather than in a court process. Arbitration thus replaces any right you might have to go to court and try your claims before a jury. You are covered by Step 4 unless and until you exercise the option to exclude yourself from arbitration. Whether you choose to remain covered by arbitration or to exclude yourself has no negative effect on your employment.

Any Associate who experiences a break in service with the Company of sixty (60) days or less, or who transfers from one subsidiary, division or affiliated Macy's Company to another, remains covered by Arbitration, unless the Associate previously excluded himself during the prescribed time period. If the Associate becomes re-employed with the Company following a break in service greater than sixty (60) days, the Associate is treated as a new hire and is given the opportunity to elect to be excluded from arbitration during the prescribed time period.

### Article 2 – Claims Subject to or Excluded from Arbitration

Except as otherwise limited, all employment-related legal disputes, controversies or claims arising out of, or relating to, employment or cessation of employment, whether arising under federal, state or local decisional or statutory law ("Employment-Related Claims"), shall be settled exclusively by final and binding arbitration. Arbitration is administered by the American Arbitration Association ("AAA") under these Solutions InSTORE Early Dispute Resolution Rules and Procedures and the employment arbitration portion of the AAA's Employment Arbitration Rules and Mediation Procedures. Arbitration is held before a neutral, third-party Arbitrator. The Arbitrator is selected in accordance with these Solutions InSTORE Early Dispute Resolution Rules and Procedures. If there are any differences between the Solutions InSTORE Early Dispute Resolution Rules and Procedures and the employment arbitration portion of the AAA's Employment Arbitration Rules and Mediation Procedures, the Solutions InSTORE Early Dispute Resolution Rules and Procedures shall apply.

Arbitration shall apply to any and all such disputes, controversies or claims whether asserted by the Associate against the Company and/or against any employee, officer, director or alleged agent of the Company. Arbitration shall also apply to any and all such civil disputes, controversies or claims asserted by the Company against the Associate.

All unasserted employment-related claims as of January 1, 2007 arising under federal, state or local statutory or common law, shall be subject to arbitration. Merely by way of example, Employment-Related Claims include, but are not limited to, claims arising under the Age Discrimination in Employment Act (ADEA), Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), the Family and Medical Leave Act (FMLA), the Fair Labor Standards Act (FLSA), 42 U.S.C. § 1981, including amendments to all the foregoing statutes, the Employee Polygraph Protection Act, state discrimination statutes, state statutes, and/or common law regulating employment termination, misappropriation, breach of the duty of loyalty, the law of contract or the law of tort; including, but not limited to, claims for malicious

prosecution, wrongful discharge, wrongful arrest/wrongful imprisonment, intentional/negligent infliction of emotional distress or defamation.

Claims by Associates that are required to be processed under a different procedure pursuant to the terms of an employee pension plan or employee benefit plan shall not be subject to arbitration under Step 4. Claims by Associates for state employment insurance (e.g., unemployment compensation, workers' compensation, worker disability compensation) or under the National Labor Relations Act are also not subject to Arbitration under Step 4. Statutory or common law claims made outside of the state employment insurance system alleging that the Company retaliated or discriminated against an Associate for filing a state employment insurance claim, however, shall be subject to arbitration.

Nothing in these Solutions InSTORE Early Dispute Resolution Rules and Procedures prohibits an Associate from filing at any time, a charge or complaint with a government agency such as the EEOC. However, upon receipt of a right to sue letter or similar administrative determination, the Associate's claim becomes subject to arbitration as defined herein.

### Article 3 – Dismissal/Stay of Court Proceeding

By agreeing to arbitration, the Associate and the Company agree to resolve through arbitration all claims described in or contemplated by Article 2 above. This means that neither the Associate nor the Company can file a civil lawsuit in court against the other party relating to such claims. If a party files a lawsuit in court to resolve claims subject to arbitration, both agree that the court shall dismiss the lawsuit and require the claim to be resolved through the Solutions InSTORE program.

If a party files a lawsuit in court involving claims that are, and other claims that are not, subject to arbitration under Step 4, such party shall request the court to stay litigation of the nonarbitrable claims and require that arbitration take place with respect to those claims subject to arbitration, assuming the earlier steps have been exhausted. The Arbitrator's decision on the arbitrable claims, including any determinations as to disputed factual or legal issues, shall be entitled to full force and effect in any later court lawsuit on any nonarbitrable claims.

### Article 4 – Effective Date

As to any Individuals Covered (as defined in Article 1), the Solutions InSTORE program is effective January 1, 2007.

### Article 5 – Time Limit to Initiate Arbitration

Arbitration must be initiated in accordance with the time limits contained in the applicable law's statute of limitations. The period of time elapsed during which the Associate pursued his or her claims under Steps 1-3 of this Program is added on to the applicable limitations period.

### Article 6 – Commencement of Arbitration

To initiate arbitration, the Associate or Company must give written notice to the other party and/or person who is alleged to be liable in the dispute ("Claimant"). Notice to the Company must be given to the Office of Solutions InSTORE.

Notice to the Associate must be given by mailing to the Associate's last known home address.

The notice shall include a statement of the nature of the claim together with a brief description of the relevant facts, the remedies including any amount of damages being sought, and the address which the Claimant will use for the purpose of the arbitration.

Within thirty (30) days after notice of a dispute is given, the other party shall give its response ("Respondent"). The response shall state all available defenses, a brief description of relevant facts and any related counterclaims then known.

Within thirty (30) days after such counterclaims are given, the Claimant shall give Respondent a brief statement of the claimant's defenses to and relevant facts relating to the counterclaims.

Claims and counterclaims may be amended before selection of the arbitrator and thereafter with the arbitrator's consent. Notices of defenses or replies to amended claims or counterclaims shall be delivered to the other party within the thirty (30) days after the amendment.

### Article 7 – Selection of an Arbitrator

Both the Company and the Associate shall participate equally in the selection of an Arbitrator to decide the arbitration. After receiving and/or filing an Arbitration Request Form, the Solutions InSTORE Program Manager shall ask the American Arbitration Association to provide the Company and the Associate a panel of seven (7) neutral arbitrators with experience deciding employment disputes.

The Company and the Associate then shall have the opportunity to review the background of the arbitrators by examining the materials provided by the American Arbitration Association. Within seven (7) calendar days after the panel composition is received, the Associate and the Company shall take turns striking unacceptable arbitrators from the panel until only one remains. The Associate and the Company will inform the American Arbitration Association of the remaining arbitrator who will decide the dispute. However, if both parties agree that the remaining arbitrator is unacceptable, a second panel will be requested from the American Arbitration Association and the selection process will begin again. If both parties agree no one on the second panel is acceptable, either party may request the American Arbitration Association to simply appoint an Arbitrator who was not on either panel.

## Article 8 – Time and Place of Arbitration

The arbitration hearing shall be held at a location within fifty (50) miles of the Associate's last place of employment with the Company, unless the parties agree otherwise. The Parties and the Arbitrator shall make every effort to see that the arbitration is completed, and a decision rendered, as soon as possible. There shall be no extensions of time or delays of an arbitration hearing except in cases where both Parties consent to the extension or delay, or where the Arbitrator finds such a delay or extension necessary to resolve a discovery dispute or other matter relevant to the arbitration.

## Article 9 – Right to Representation

Both the Associate and the Company shall have the right to be represented by an attorney. If the Associate elects not to be represented by an attorney during the arbitration proceedings, the Company will not have an attorney present during the arbitration proceedings.

## Article 10 – Discovery

### a. Initial Disclosure

Within fourteen (14) calendar days following the appointment of an Arbitrator, the Parties shall provide each other with copies of all documents upon which they rely in support of their claims or defenses. However, the parties need not provide privileged documents that are protected from disclosure because they involve attorney-client, doctor-patient or other legally privileged or protected communications or materials. Throughout the discovery phase, each party shall provide the other party with any and all such documents relevant to any claim or defense.

Upon written request, the Associate shall be entitled to a copy of all documents (except privileged documents as described above) in the Associate's "PERSONNEL FILE."

### b. Other Discovery

#### i. Interrogatories/Document Requests

Each party may propound one (1) set of twenty (20) interrogatories (including subparts) to the other party. Interrogatories are written questions asked by one party to the other, the recipient must answer under oath. Such interrogatories may include a request for all documents upon which the responding party relies in support of its answers to the interrogatories. Answers to interrogatories must be served within twenty-one (21) calendar days of receipt of the interrogatories.

#### ii. Depositions

A deposition is a statement under oath that is given by one party in response to specific questions from the other party. It is usually recorded or transcribed by a court reporter. Each party shall be entitled to take the deposition of up to three (3) relevant individuals of the party's choosing. The party taking the deposition shall be responsible for all associated costs, such as the cost of a court reporter and the cost of a transcript.

#### iii. Additional Discovery

Upon the request of any party and a showing of appropriate justification, the Arbitrator may permit additional relevant discovery, if the Arbitrator finds that such additional discovery is not overly burdensome, and will not unduly delay the conclusion of the arbitration.

### c. Discovery Disputes

The Arbitrator shall decide all disputes related to discovery. Such decisions shall be final and binding on the parties. In ruling on discovery disputes, the arbitrator need not follow but may consult the discovery rules contained in the Federal Rules of Civil Procedure.

### d. Time for Completion of Discovery

All discovery must be completed within ninety (90) calendar days after the selection of the Arbitrator, except for good cause shown as determined by the Arbitrator. In order to expedite the arbitration, the parties may initiate discovery prior to the appointment of the Arbitrator.

### Article 11 – Hearing Procedure

#### a. Witnesses

Witnesses shall testify under oath, and the Arbitrator shall afford each party a sufficient opportunity to examine its own witnesses and cross-examine witnesses of the other party. Either party may issue subpoenas compelling the attendance of any other person necessary for the issuing party to prove its case.

##### i. Subpoenas

A *subpoena* is a command to an individual to appear at a certain place and time and give testimony. A *subpoena* also may require that the individual bring documents when he or she gives testimony. To the extent authorized by law, the Arbitrator shall have the authority to enforce and/or cancel such subpoenas. *Subpoenas* must be issued no less than ten (10) calendar days before the beginning of an arbitration hearing or deposition.

The party issuing the *subpoena* shall be responsible for the fees and expenses associated with the issuance and enforcement of the subpoena, and with the attendance of the subpoenaed witness at the arbitration hearing.

##### ii. Sequestration

The Arbitrator shall ensure that all witnesses who testify at the arbitration are not influenced by the testimony of other witnesses. Accordingly, unless the Arbitrator finds cause to proceed in a different fashion, the Arbitrator shall sequester all witnesses who will testify at the arbitration, however, the Arbitrator shall permit the Associate involved in the arbitration and the Company's designated representative to remain throughout the arbitration, even though they may or may not testify at the hearing.

#### b. Evidence

The parties may offer evidence that is relevant and material to the dispute and shall produce any and all non-privileged evidence that the Arbitrator deems necessary to a determination of the dispute. The Arbitrator need not specifically follow the Federal Rules of Evidence, although they may be consulted to resolve questions regarding the admissibility of particular matters.

### c. Burden of Proof

Unless the applicable law provides otherwise, the party requesting arbitration or the party filing a counterclaim has the burden of proving a claim or claims by a preponderance of the evidence. To prevail, the party bringing the arbitration must prove that the other's conduct was a violation of applicable law.

### d. Briefing

Each party shall have the opportunity to submit one (1) dispositive motion, one (1) pre-hearing brief, and one (1) post-hearing brief, which is a written statement of facts and law, in support of its position. Submission of such briefs is not required, however, briefs shall be typed and shall be limited in length to twenty (20) double-spaced pages.

### e. Transcription

The parties may arrange for transcription of the arbitration by a certified reporter. The party requesting transcription shall pay for the cost of transcription.

### f. Consolidation

#### i. Claims

The Arbitrator shall have the power to hear as many claims as a Claimant may have consistent with Article 2 of these Solutions InSTORE Early Dispute Resolution Rules and Procedures.

The Arbitrator may hear additional claims that were not mentioned in the Arbitration Request Form. To add claims, the Claimant must notify the other party at least thirty (30) calendar days prior to a scheduled arbitration. The additional claims must be timely, under the applicable law, as of the date on which they are added. The other party must not be prejudiced in its defense by such addition.

#### ii. Parties

The Arbitrator shall not consolidate claims of different Associates into one (1) proceeding. Nor shall the Arbitrator have the power to hear an arbitration as a class or collective action. (A class or collective action involves representative members of a large group, who claim to share a common interest, seeking relief on behalf of the group).

### g. Confidentiality

All aspects of an arbitration pursuant to these Solutions InSTORE Early Dispute Resolution Rules and Procedures, including the hearing and recording of the proceeding, shall be confidential and shall not be open to the public. The only exceptions are : (i) to the extent both parties agree otherwise in writing; (ii) as may be appropriate in any subsequent proceeding between the parties: or (iii) as may otherwise be appropriate in response to a governmental agency, legal process, or as required by law.

All settlement negotiations, mediations, and any results shall be confidential.

### Article 12 – Substantive Choice of Law

The Arbitrator shall apply the substantive law, including the conflicts of law, of the state in which the Associate is or was employed. For claims or defenses arising under or governed by federal law, the Arbitrator shall follow the substantive law as set forth by the United States Supreme Court. If there is no controlling United States Supreme Court authority, the Arbitrator shall follow the substantive law that would be applied by the United States Court of Appeals and the United States District Court for the District in which the Associate is or was employed.

### Article 13 – Arbitrator Authority

The Arbitrator shall conduct the arbitration. The arbitrator shall have the authority to render a decision in accordance with these Solutions InSTORE Early Dispute Resolution Rules and Procedures, and in a manner designed to promote rapid and fair resolution of disputes.

The Arbitrator's authority shall be limited to deciding the case submitted by the party bringing the arbitration. Therefore, no decision by any Arbitrator shall serve as precedent in other arbitrations.

The arbitration procedure contained herein does not alter the Associate's employment status. The status remains alterable at the discretion of the Company and/or terminable at any time, at the will of either the Associate or the Company, with or without cause or prior notice. Accordingly, the Arbitrator shall have no authority to alter the Associate's employment status by, for example, requiring that the Company have "cause" to discipline or discharge an Associate. Nor may the arbitrator otherwise change the terms and conditions of employment of an Associate unless required by federal, state or local law, or as a remedy for a violation of applicable law by the Company with respect to the Associate.

The Arbitrator shall have the power to award sanctions against a party for such party's failure to comply with these Solutions InSTORE Early Dispute Resolution Rules and Procedures or with an order of the Arbitrator. These sanctions may include assessment of costs or prohibitions of evidence. If justified by a party's wanton or willful disregard of these Solutions InSTORE Early Dispute Resolution Rules and Procedures, the Arbitrator may award the sanction of an adverse ruling in the arbitration against the party who has failed to comply.

**Article 14 – Award**

Within thirty (30) calendar days after the later of the close of the hearing or the receipt of post-hearing briefs, if any, the Arbitrator shall mail to the parties a written decision. The decision shall specify appropriate remedies, if any, if a violation of law is found. If the Associate's claim arises under federal or state statutory law, the award should include findings of fact and conclusions of law; otherwise, the inclusion of such findings and conclusion is at the Arbitrator's discretion. The parties to an arbitration shall be provided with a copy of the Arbitrator's award.

**Article 15 – Fees and Expenses**

**a. Costs Other Than Attorney Fees**

**i. Definitions**

Costs of an arbitration include the daily or hourly fees and expenses (including travel) of the Arbitrator who decides the case, filing or administrative fees charged by the AAA, the cost of a reporter who transcribes the proceeding, and expenses of renting a room in which the arbitration is held. Incidental costs include such items as photocopying or the costs of producing witnesses or proof.

**ii. Filing Fee/Costs of Arbitration**

An Associate initiating arbitration shall pay the cost of arbitration up to a maximum of the least of one (1) day's base pay or One Hundred Twenty-Five Dollars ($125), whichever is less. Upon filing the request for arbitration, the Associate shall remit such fee. The Company shall pay the remainder of the costs of the arbitration. The Company shall pay the entire filing fee should it initiate arbitration. Except as provided below, each party shall pay its own incidental costs, including attorney's fees.

The AAA has developed guidelines for waiving administrative fees. This Plan is subject to those guidelines.

### b. Reimbursement for Legal Fees or Costs

The program does not infringe on either party's right to consult with an attorney at any time. In fact, the Company will reimburse an Associate for this legal consultation and/or representation during Step 4 of the program, at a maximum benefit of Two Thousand Five Hundred Dollars ($2,500) per Associate in a rolling twelve (12) month period. If the Associate is not represented by counsel, the Company will reimburse an Associate for incidental costs up to a maximum of Five Hundred Dollars ($500) per Associate in a rolling twelve (12) month period. The Associate will not be entitled to such reimbursement by the Company if the Arbitrator determines the arbitration claim by the Associate was frivolously filed. Any reimbursement to the Associate will occur following the conclusion of the proceedings upon submission of the Associate's bills for costs of legal services or incidental costs.

### c. Shifting of Costs

If the Associate prevails in arbitration, whether or not monetary damages or remedies are awarded, the filing fee shall be refunded to the Associate. The Arbitrator may (based on the facts and circumstances) also require that the Company pay the Associate's share of the costs of arbitration and incidental costs.

### Article 16 – Remedies and Damages

Upon a finding that a party has sustained its burden of persuasion in establishing a violation of applicable law, the Arbitrator shall have the same power and authority as would a judge to grant any relief, including costs and attorney's fees, that a court could grant, in conformance with applicable principles of common, decisional and statutory law in the relevant jurisdiction.

### Article 17 – Settlement

The parties may settle their dispute at any time without involvement of the Arbitrator.

## Article 18 – Enforceability

The arbitration agreement, the arbitration proceedings, and any award rendered pursuant to them shall be interpreted under, enforceable in accordance with, and subject to the Federal Arbitration Act, 9 U.S.C. § 1, et seq. regardless of the state in which the arbitration is held or the substantive law applied in the arbitration. If for any reason the Federal Arbitration Act is inapplicable to enforce this agreement, the Parties agree it will be enforced under the governing state arbitration statute(s).

## Article 19 – Appeal Rights

The decision rendered by the Arbitrator shall be final and binding as to both the Associate and the Company. Either party may appeal the Arbitrator's decision to a court in accordance with the provisions of the Federal Arbitration Act, 9 U.S.C. § 1, et seq.

## Article 20 – Severability/Conflict with Law

In the event that any of these Solutions InSTORE Early Dispute Resolution Rules and Procedures are held to be unlawful or unenforceable, the conflicting rule or procedure shall be modified automatically to comply with applicable law.

In the event of an automatic modification with respect to a particular rule or procedure, the remainder of these rules and procedures shall not be affected. An automatic modification of one of these rules or procedures shall apply only in regard to the particular jurisdiction and dispute in which the rule or procedure was determined to be in conflict with applicable law. In all other jurisdictions and disputes, these Solutions InSTORE Early Dispute Resolution Rules and Procedures shall apply in full force and effect.

## Article 21 – Cancellation or Modification of Dispute Resolution Rules and Procedures or Program

The Company may alter these Solutions InSTORE Early Dispute Resolution Rules and Procedures or cancel the program in its entirety upon giving thirty (30) days written notice to Associates. If such notice is not provided to an Associate, the Solutions InSTORE Early Dispute Resolution Rules and Procedures that covered the Associate prior to the modification or cancellation shall govern.

**Article 22 – Change in Control of Macy's**

A change in control of the Company shall nullify and cancel the Associate's agreement to be covered by Step 4 – Arbitration, respecting any claims the Associate may have arising after such change. A change in control will be deemed to have occurred if:

i. Macy's is merged, consolidated, or reorganized into or with another corporation or other legal entity unaffiliated with Macy's, resulting in less than a majority of the combined voting power of the then-outstanding securities of the surviving or resulting corporation or entity immediately after such transaction being held in the aggregate by those who were entitled to vote in the election of directors of Macy's (the "Voting Stock") immediately prior to such transaction; or

ii. Macy's sells or otherwise transfers substantially all of its assets to another corporation or other legal entity and, as a result of such sale or transfer, less than a majority of the combined voting power of the then-outstanding securities of such other corporation or entity immediately after such sale or transfer is held in the aggregate by the holders of Voting Stock of Macy's immediately prior to such sale or transfer.

**Article 23 – Sale of Subsidiary or Division or Operating Unit**

Should Macy's sell a subsidiary or division or operating unit of a subsidiary (through the sale of stock or substantially all of its assets) and such transaction includes transferring Associates to a third-party, a transferring Associate's agreement to arbitration under this program shall remain in effect as to any Employment-Related Claims arising prior to such sale but only as to claims against Macy's or its subsidiaries or divisions and shall be null and void as to any such third-party.

**Office of Solutions InSTORE**
Macy's, Inc.
7 West Seventh Street
Cincinnati, OH 45202
Toll Free Number: 866-285-6689
Email: solutions.instore@macys.com