UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| YULIE NAREZ,<br><br>             Plaintiff,<br><br>      v.<br><br>MACY'S WEST STORES, INC.,<br><br>             Defendant. | Case No.16-cv-00936-LHK<br><br>**ORDER GRANTING MOTION TO COMPEL ARBITRATION**<br><br>Re: Dkt. No. 17 |

Before the Court is a motion to compel arbitration filed by Defendant Macy's West Stores, Inc. ("Defendant"). ECF No. 17 ("Mot."). Defendant requests that the Court compel arbitration of all individual claims brought by Plaintiff Yulie Narez ("Plaintiff") against Defendant, dismiss Plaintiff's class action, and stay Plaintiff's Private Attorneys General Act, Cal. Labor Code §§ 2698, *et seq.* ("PAGA") action. *See* Mot. Pursuant to Civil Local Rule 7-1(b), the Court finds this motion appropriate for resolution without oral argument and VACATES the motion hearing and case management conference set for August 4, 2016. Having considered the submissions of the parties, the relevant law, and the record in this case, the Court GRANTS Defendant's motion to compel arbitration.

## I. BACKGROUND

### A. Factual Background

Plaintiff was hired by Defendant as a retail store employee on November 23, 2013. Decl. of Yulie Narez ("Narez Decl."), ECF No. 26-1, ¶ 3. As part of Plaintiff's hiring paperwork, Plaintiff received a copy of a Solutions InSTORE Early Dispute Resolution ("SIS") brochure describing Defendant's arbitration agreement policy and Plaintiff signed an acknowledgement of receipt of the SIS brochure. *Id.* ¶ 3 ("When I was hired, I signed various documents. . . . I was handed a physical copy of the Solutions InSTORE Early Dispute Resolution brochure and was told that this document was the version which I was acknowledging receipt of by my electronic signature."); Decl. of Ragunathan Veeraraghavan ("Veeraraghavan Decl."), ECF No. 18, ¶ 4, Exs. A, G (text of acknowledgement of receipt of SIS brochure and Plaintiff's electronic signature). Although the parties agree that Plaintiff received an SIS brochure and signed an acknowledgement of her receipt of the SIS brochure, the parties dispute the content of the SIS brochure given to Plaintiff. That dispute is addressed in the discussion below.

### B. Procedural History

Plaintiff filed the instant lawsuit in state court on January 25, 2016. ECF No. 1. Plaintiff seeks to represent a class of Defendant's employees and alleges Defendant violated various provisions of the California Labor Code by failing to pay all applicable wages and overtime and for failing to provide statutorily mandated meal and rest breaks. *Id.* Plaintiff additionally seeks to bring a PAGA claim against Defendant. *Id.*

The case was removed to federal court on February 25, 2016. ECF No. 1. Defendant filed an answer to Plaintiff's complaint on March 2, 2016. ECF No. 9.

On May 6, 2016, Defendant filed the instant motion to compel arbitration. Mot., ECF No. 17. Plaintiff filed an opposition to Defendant's motion on May 20, 2016. ECF No. 26 ("Opp."). Defendant replied on May 27, 2016. ECF No. 27 ("Reply").

## II. LEGAL STANDARD

The Federal Arbitration Act ("FAA") applies to arbitration agreements in employment

2

Case No. 16-CV-00936-LHK
ORDER GRANTING MOTION TO COMPEL ARBITRATION

contracts, except for those covering workers engaged in transportation. *E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 289 (2002). Under Section 3 of the FAA, "a party may apply to a federal court for a stay of the trial of an action 'upon any issue referable to arbitration under an agreement in writing for such arbitration.'" *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 68 (2010) (quoting 9 U.S.C. § 3). If all claims in litigation are subject to a valid arbitration agreement, a federal court has discretion to dismiss or stay the case. *Nitsch v. DreamWorks Animation SKG Inc.*, 100 F. Supp. 3d 851, 861-62 (N.D. Cal. Apr. 24, 2015).

"For any arbitration agreement within the coverage of the FAA, the court is to make the arbitrability determination by applying the federal substantive law of arbitrability, absent clear and unmistakable evidence that the parties agreed to apply non-federal arbitrability law." *Brennan v. Opus Bank*, 796 F.3d 1125, 1129 (9th Cir. 2015) (citations and brackets omitted). "A party seeking to compel arbitration has the burden under the FAA to show (1) the existence of a valid, written agreement to arbitrate; and, if it exists, (2) that the agreement to arbitrate encompasses the dispute at issue." *Ashbey v. Archstone Prop. Mgmt., Inc.*, 785 F.3d 1320, 1323 (9th Cir. 2015); *see also Brennan*, 796 F.3d at 1130; *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). If the party seeking to compel arbitration establishes both factors, the court must compel arbitration. *Id.* "The standard for demonstrating arbitrability is not a high one; in fact, a district court has little discretion to deny an arbitration motion, since the [FAA] is phrased in mandatory terms." *Republic of Nicar. v. Std. Fruit Co.*, 937 F.2d 469, 475 (9th Cir. 1991).

The FAA creates a body of federal substantive law of arbitrability that requires a healthy regard for the federal policy favoring arbitration and preempts state law to the contrary. *Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 475–79 (1989); *Ticknor v. Choice Hotels Int'l, Inc.*, 265 F.3d 931, 936–37 (9th Cir. 2001). State law is not entirely displaced from the federal arbitration analysis, however. *See Ticknor*, 265 F.3d at 936–37. When deciding whether the parties agreed to arbitrate a certain matter, courts generally apply ordinary state law principles of contract interpretation. *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). Parties may also contract to arbitrate according to state rules, so long as those rules do not

3

Case No. 16-CV-00936-LHK
ORDER GRANTING MOTION TO COMPEL ARBITRATION

offend the federal policy favoring arbitration. *Volt*, 489 U.S. at 478–79. Thus, in determining whether parties have agreed to arbitrate a dispute, the court applies "general state-law principles of contract interpretation, while giving due regard to the federal policy in favor of arbitration by resolving ambiguities as to the scope of arbitration in favor of arbitration." *Mundi v. Union Sec. Life Ins. Co.*, 555 F.3d 1042, 1044 (9th Cir. 2009) (quoting *Wagner v. Stratton Oakmont, Inc.*, 83 F.3d 1046, 1049 (9th Cir. 1996)). "[A]s with any other contract, the parties' intentions control, but those intentions are generously construed as to issues of arbitrability." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985). If a contract contains an arbitration clause, there is a presumption of arbitrability, *AT&T*, 475 U.S. at 650, and "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration," *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983).

## III. DISCUSSION

The sole argument advanced in Plaintiff's opposition to Defendant's motion to compel arbitration is that the parties did not enter into an arbitration agreement because the SIS program to which Plaintiff agreed when Defendant hired Plaintiff was binding only upon employees hired on or after June 1, 2014, and thus not binding upon Plaintiff who was hired on November 23, 2013. *See* Opp. The Court thus begins its analysis by discussing what SIS program Plaintiff agreed to when Plaintiff was hired. Because the Court concludes that Plaintiff agreed to an SIS program that included an arbitration clause binding upon Plaintiff, the Court then proceeds to discuss whether Plaintiff's claims are covered by the arbitration agreement.

### A. The SIS Brochure Received by Plaintiff

Defendant's SIS program describes a four-step process for resolving disputes between Defendant and Defendant's employees. Decl. of Matthew Melody ("Melody Decl."), ECF No. 17-1, ¶ 20, Ex. A, B (SIS plan document effective January 1, 2007, and SIS brochure effective May 26, 2009). Step Four of the SIS program is arbitration. *Id.*

Defendant avers that Plaintiff received and agreed to be bound by the SIS program, including the binding arbitration in Step Four, as described in the SIS plan document effective

January 1, 2007 and the SIS brochure effective May 26, 2009.  *Id.* ¶ 8; Decl. of Matthew Melody, Supplemental ("Supp. Melody Decl."), ECF No. 27-1, ¶ 9.

Plaintiff states in her declaration that the copy of the SIS brochure and plan document given to Plaintiff specified that only employees hired by Defendant on or after June 1, 2014 would be bound by arbitration.  *See* Narez Decl. ¶ 4.  In support of this assertion, Plaintiff attaches what Plaintiff avers is a "true and correct copy of the Solutions InSTORE Early Dispute Resolution brochure [Plaintiff] received."  *Id.* ¶ 3, Ex. A.  The brochure filed by Plaintiff has an effective date of June 1, 2014.  *Id.*

In reply, Defendant declares that Plaintiff cannot have received in November 2013 the brochure attached to Plaintiff's opposition because that brochure was not written until spring 2014 and was not delivered to any retail stores until May 19, 2014, nearly six months *after* Defendant was hired.  Supp. Melody Decl. ¶¶ 6-7.  Defendant avers that in November 2013, when Plaintiff was hired, the SIS documents distributed to new employees were the SIS brochure effective May 26, 2009 and the SIS plan document effective January 1, 2007.  *Id.* ¶¶ 8-9.

Where there is a genuine issue of material fact regarding whether the parties actually entered into an arbitration agreement, the FAA provides that "the court shall proceed summarily to the trial thereof."  9 U.S.C. § 4; *see also Shierkatz Rllp v. Square, Inc.*, No. 15-CV-02202-JST, 2015 WL 9258082, at *4 (N.D. Cal. Dec. 17, 2015) (quoting 9 U.S.C. § 4).  However, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts" for purposes of determining whether there is a genuine issue of material fact.  *Scott v. Harris*, 550 U.S. 372, 380 (2007).  In the instant case, Plaintiff's assertion that Plaintiff received in November 2013 a brochure and plan document that did not exist until spring 2014 is blatantly contradicted by the record.  Plaintiff acknowledges that Plaintiff received a brochure describing the SIS program and arbitration program in November 2013 and signed an acknowledgement of the terms of that brochure.  Narez Decl. ¶ 3 ("I was handed a physical copy of the Solutions InSTORE brochure and was told that this document was the version which I was acknowledging receipt of by my

electronic signature."). As the only SIS brochure available in November 2013 is the SIS brochure provided by Defendant with an effective date of May 26, 2009, the Court concludes that Plaintiff received and signed her acknowledgement of the SIS brochure effective May 26, 2009. *See* Melody Decl. Ex. B (SIS brochure effective May 26, 2009). This SIS brochure includes the SIS plan document effective January 1, 2007. *Id.*

Pursuant to the terms of the SIS program to which Plaintiff agreed, effective January 1, 2007, unless within 30 days of being hired a new employee sends in a form to opt out of arbitration, an employee with Defendant agrees to the following binding arbitration agreement:

> Except as otherwise limited, all employment-related legal disputes, controversies or claims arising out of, or relating to, employment or cessation of employment, whether arising under federal, state or local decisional or statutory law ("Employment-Related Claims"), shall be settled exclusively by final and binding arbitration. . . .
>
> Arbitration shall apply to any and all such disputes, controversies or claims whether asserted by the Associate against the Company and/or against any employee, officer, director or alleged agent of the Company. Arbitration shall also apply to any and all such civil disputes, controversies or claims asserted by the Company against the Associate. . . .
>
> By agreeing to arbitration, the Associate and the Company agree to resolve through arbitration all claims described in or contemplated by Article 2 above. This means that neither the Associate nor the Company can file a civil lawsuit in court against the other party relating to such claims. If a party files a lawsuit in court to resolve claims subject to arbitration, both agree that the court shall dismiss the lawsuit and require the claim to be resolved through the Solutions InSTORE program.
>
> If a party files a lawsuit in court involving claims that are, and other claims that are not, subject to arbitration under Step 4, such party shall request the court to stay litigation of the nonarbitrable claims and require that arbitration take place with respect to those claims subject to arbitration, assuming the earlier steps have been exhausted. The Arbitrator's decision on the arbitrable claims, including any determinations as to disputed factual or legal issues, shall be entitled to full force and effect in any later court lawsuit on any nonarbitrable claims. . . .
>
> The Arbitrator shall not consolidate claims of different Associates into one (1) proceeding. Nor shall the Arbitrator have the power to hear an arbitration as a class or collective action.

*Id.* Plaintiff did not opt out of arbitration within 30 days of Plaintiff's date of hire. Melody Decl.

¶ 29. Thus, Plaintiff is bound by the arbitration agreement in Defendant's SIS program.

**B. The Arbitrability of Plaintiff's Claims**

Defendant argues that the SIS arbitration agreement is valid and encompasses all of Plaintiff's claims, with the exception of Plaintiff's PAGA claim (Claim Six). Defendant additionally argues that, pursuant to the terms of the parties' arbitration agreement, Plaintiff may not pursue any class claims against Defendant. Accordingly, Defendant asks the Court to compel arbitration of Plaintiff's non-PAGA claims and dismiss Plaintiff's class claims. Defendant further asks the Court to stay Plaintiff's PAGA claim pending resolution of the arbitration proceedings. Plaintiff does not make any argument in opposition to these requests. *See* Opp.

First, the Ninth Circuit has held that opt-out arbitration provisions in the employment context are enforceable where, as here, the employee acknowledges the agreement in writing and has thirty days in which to opt out of the arbitration agreement. *Circuit City Stores, Inc. v. Najd*, 294 F.3d 1104, 1109 (9th Cir. 2002). Thus, the Court finds that the SIS arbitration agreement is valid and enforceable. Furthermore, all of the claims for which Defendant seeks to compel arbitration arise out of alleged labor violations committed by Defendant in the course of Plaintiff's employment. *See* ECF No. 1, Ex. A (Complaint). They are "employment-related legal disputes, controversies or claims arising out of, or relating to, employment," and thus encompassed by the parties' arbitration agreement. Melody Decl. Ex. B.

Therefore, because the parties entered a valid, enforceable arbitration agreement, and because Plaintiff's non-PAGA claims are covered by the arbitration agreement, the Court GRANTS Defendant's motion to compel arbitration of Plaintiff's non-PAGA claims (Claims One, Two, Three, Four, Five, and Seven).

Additionally, the parties' arbitration agreement includes a class arbitration waiver. Such class arbitration waivers are enforceable. *Am. Exp. Co. v. Italian Colors Restaurant*, 133 S.Ct. 2304, 2312 (2013). Accordingly, pursuant to the arbitration agreement, Plaintiff may bring Plaintiff's claims as individual claims only and not as class claims in arbitration, so the Court GRANTS Defendant's motion to dismiss Plaintiff's claims brought on behalf of the class.

7
Case No. 16-CV-00936-LHK
ORDER GRANTING MOTION TO COMPEL ARBITRATION

Finally, the Ninth Circuit has held that representative PAGA claims, such as Plaintiff's Claim Six, may not be waived by arbitration agreements. *Sakkab v. Luxottica Retail N. Am., Inc.*, 803 F.3d 425, 440 (9th Cir. 2015). Thus, Defendant does not request arbitration of Plaintiff's PAGA claim. Plaintiff's representative PAGA claim (Claim Six) therefore will be severed from Plaintiff's individual claims (Claims One, Two, Three, Four, Five, and Seven) and remain before this Court. *See Cobarruviaz v. Maplebear, Inc.*, 143 F. Supp. 3d 930, 946 (N.D. Cal. 2015) (severing representative PAGA claim from claims subject to arbitration agreement). Pursuant to 9 U.S.C. § 3, the Court STAYS Plaintiff's PAGA claim pending resolution of the arbitration proceedings. *See Kilgore v. KeyBank, N.A.*, 718 F.3d 1052, 1057 (9th Cir. 2013) (stating that 9 U.S.C. § 3 "requir[es] stay of civil action during arbitration").

## IV.     CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion to: (1) compel arbitration of Plaintiff's non-PAGA individual claims (Claims One, Two, Three, Four, Five, and Seven); (2) dismiss Plaintiff's class claims; and (3) stay Plaintiff's representative PAGA claim. The parties shall notify the Court within seven days of the conclusion of the arbitration proceedings.

The Clerk shall administratively close the file.

**IT IS SO ORDERED.**

Dated: July 28, 2016

_____
LUCY H. KOH
United States District Judge